Bailey *v.* Day.

JOHN BAILEY *versus* STEPHEN DAY & al.

The payment in money of a sum less than the full amount, of a debt due and payable in money, by the debtor, at the place where he was bound to make it, and at the same time an agreement of the creditor to discharge the residue, will not operate as a defence to a suit for the balance of the debt — because the agreement of discharge is without consideration.

DEBT on a judgment recovered against the defendants, Day and Farrington, by the plaintiff and his deceased partner,

Walter W. Bailey, at the Supreme Judicial Court for the county of Cumberland, November Term, 1837, for $80,27, debt, and $7,86, costs of suit.

The defendants, with the general issue, pleaded by brief statement:—1. That the judgment had been paid in full before the commencement of the suit. 2. Accord and satisfaction. 3. That the balance due on the judgment, if any, was paid July 5, 1841.

The record of the judgment being shown by the plaintiff, the defendants then introduced in evidence, a writing, signed by the plaintiff, of which the following is a copy.

"Portland, July 5, 1841. Received of Stephen Day and John L. Farrington the sum of ten dollars, for which sum, I hereby fully discharge a judgment recovered against them by myself and Walter W. Bailey at the November Term of the Supreme Judicial Court, A. D. 1837. Said judgment is recorded in the records of said Court, for Cumberland County, vol. 11, page 515. Amount of debt $80,27, and costs, amounting to $7,86.         John Bailey, for W. W. & J. Bailey."

No proof was offered of the payment of any other sum, excepting as appeared by said receipt, in discharge or satisfaction of the judgment.

After the introduction of this evidence, the parties agreed to put the same into a statement of facts, signed by them; agreeing, that the Court should render such judgment in the action, as should be deemed legal.

The District Judge decided, that the action could not be maintained, and the plaintiff appealed.

Codman and Fox, for the plaintiff.

The only question presented in this case, is, whether a payment of $10, in full discharge of a judgment for about $90, proved by a common receipt, is a bar to the recovery of the residue of said judgment in an action of debt brought thereon.

This question seems to be as well settled as any question that could be presented to this Court, and it would seem that the District Judge, in order to decide according to his notions of

the *equity* of the case, (knowing, however, no fact in relation to it except the judgment and the receipt!) overruled all decided cases, and *made law for himself,* as in his written opinion, he does not cite a single authority to sustain him!

In *Pinnell's case,* 5 Coke's R. 117, it was resolved by the whole Court, " that the payment of a lesser sum in satisfaction of a greater, *cannot* be any satisfaction for the whole, because it appears to the Judges, that by no possibility a lesser sum can be a satisfaction to the plaintiff for a greater sum. When the whole sum is due, by no intendment, the acceptance of parcel, can be satisfaction to the plaintiff."

In *Fitch* v. *Sutton,* 5 East's R. 230, the marginal note, is "acceptance of a less, cannot be a. satisfaction in law, of a greater sum, then due, nor can it operate as an extinguishment of the original cause of action, though accompanied by a conditional promise to pay the residue, when of ability." And Lord Ellenborough says, "it cannot be pretended that a receipt of part only, though expressed to be in full of all demands, must have the same operation as a release. It is impossible to contend that the acceptance of £17, 10s, is an extinguishment of a debt of £50. *There must be some consideration* for the relinquishment of the remainder."

The same doctrine is established in *Heathcote* v. *Crookshanks,* 2 T. R. 24; *Cumber* v. *Ware,* 1 Strange, 426; *Adams* v. *Tapling,* 4 Modern, 88.

" Where the condition is for payment of £20, the obligor cannot, at the time appointed, pay a lesser sum in satisfaction of the whole, because it is apparent that a lesser sum cannot be a satisfaction of a greater." Coke Litt. § 344, Commentary, *" thirdly."*

So in *Steinman* v. *Magnus,* 11 East's R. 393, this *principle* is recognized, but a distinction is made from the fact, that a third person is induced to become security for the payment of the dividend, which Lord Ellenborough says "makes all the difference in the case!" No such difference exists in the case at bar. It was held in *Down* v. *Noyes,* 10 Adolph. &

Bailey *v.* Day.

Ellis, 121, "that a plea alleging the acceptance of a less sum in satisfaction of a larger sum, was bad *after verdict,* and that plaintiff was entitled to judgment," "*non obstante veredicto.*"

Spencer J. in *Harrison* v. *Close & Wilcox,* 2 Johns. R. 449, says, "the payment of a part, without a release by deed, is no bar to the demand." In *Boyd* v. *Hitchcock,* 20 Johns. R. 78, Pratt J. says, "the general rule is well settled that a payment of a less sum of money than the whole debt *without a release* is no satisfaction of the plaintiff's claim."

To the same principle we cite, *Rowley* v. *Stoddard,* 7 Johns. R. 209; *Kellogg* v. *Richards,* 14 Wendall's R. 116. Dewey J. in *Brooks & al.* v. *White,* 2 Metc. R. 285, says, "the general principle that the acceptance of a less sum in money than is actually due, cannot be a satisfaction and will not operate to extinguish the whole debt, *although agreed by the creditor,* seems to be recognized in books of unquestionable authority. The foundation of the rule, seems to be, that in the case of the acceptance of a less sum of money in discharge of a debt, inasmuch as there is no new consideration, no benefit accruing to the creditor, and no damage to the debtor, the creditor may violate, with legal impunity, his promise to the debtor, however freely and understandingly made.

There is nothing in the facts of the case to indicate, and the Court cannot infer, that the $10, was a "*balance*" due on said judgment, there is no proof of any payments other than the $10, and the receipt is not for the balance of the judgment, but reads "in full discharge of a judgment," for such and such sums, thus admitting the *fact* that the whole amount of said judgment was then due and unpaid.

The Court will perceive that we have not presented the objection that the receipt cannot operate a discharge of the judgment because not of so high a nature as the judgment, not being under seal. This point is submitted without argument, as we are satisfied that on the main point, in the case, we are entitled to judgment.

It is now submitted to the Court to decide whether they will be governed by the current of high unquestioned authorities

now cited, or by the isolated opinion of a single Judge of an inferior Court.

*Hammons,* for the defendants.

The only question in this case is, whether the receipt given by the plaintiff and introduced by the defendants is a defence to this action.

The defendants insist that it is a contract, discharge, or release executed, and not executory. It is an agreement carried into effect, and which the Court will not attempt to nullify. The ten dollars were paid by the defendants and received by the plaintiff in full for the judgment, and the judgment thereupon "fully discharged."

It does not appear, but the defendants paid the amount due on the judgment; the one party having paid, and the other received a certain sum in full for the judgment, it is for the plaintiff to show that the ten dollars was not the whole amount due. The burthen of proof is on him. It is true that the case finds that the amount of the judgment recovered was $80,27 debt and $7,86 cost, but it does not find whether or not any payment or payments had been made prior to the date of the receipt. The receipt purporting to be in full for debt and cost, the presumption is that there had, and it is for the plaintiff to show that there had not.

The present action is not strictly within the principle laid down in *Fitch* v. *Sutton,* 5 East, 230, and *Heathcote & al.* v. *Crookshanks,* 2 D. & E. 24, and recognized in *How* v. *Mackey,* 5 Pick. 44. In none of those cases was the contract executed, but there was merely an agreement to execute. In *Fitch* v. *Sutton,* there was a promise to pay the balance. *Pinnel's* case turned on a question of pleading.

But supposing nothing but the ten dollars named in the receipt was ever paid, and that this case is within the principle laid down in *Fitch* v. *Sutton,* then we ask this Court to over- rule that case, and instead of letting a technical rule prevail over common sense and moral honesty in this State, we ask them to establish the rule, that common sense and moral ob-

ligation shall govern, or prevail, instead of a mere technical absurdity.

1. It is decided to be law then, that acceptance by a creditor of a less sum than is owing, in full satisfaction of the debt, will be a good satisfaction, if made in the note of a third person.

2. That payment of ten dollars will be a satisfaction of a hundred, if so received by the creditor, before the debt becomes due.

3. That payment and acceptance of a horse, worth ten dollars only, will be a good payment of a hundred dollar debt, if so agreed by the parties. *Brooks* v. *White*, 2 Metc. 283.

4. That payment of a less sum at a different place than that named in the contract, shall be a full satisfaction of a greater, if so agreed by the parties. *Brooks v. White*, 2 Metc. 283; *How* v. *Mackey*, 5 Pick. 44; *Stienman* v. *Magnus*, 11 East, 391.

5. The conveyance of a man's interest in real estate, although he had no title whatever, and nothing passed by the deed, the deed being by a third person. *Reed* v. *Bartlett*, 19 Pick. 273.

Now if payment by the *note* of a third person for a less sum is good, why should not the payment and acceptance of a less sum than is due *in money* be good also ?

The answer is, that a less sum can never be a payment of a greater. If so, then can the promise of a third person *to pay* a less sum than is due, be a payment of the greater sum ? If the creditor gets a sum of money he has it. If he gets the promise of a third person to pay the same sum, he may never get it.

How then can an uncertainty be of more value to the creditor than a certainty, a promise to pay a sum of money than the money itself? And yet the decisions are that ninety-five dollars in cash would not pay a debt of a hundred, nor be a discharge of the same, while the note of a third person for ten dollars would. The note might net the creditor more than its nominal value; so might the cash.

The delivery and receipt, the payment and acceptance of a specific article, worth only five dollars, will be a complete payment and satisfaction of a demand of five hundred dollars, if so agreed by the parties, while the payment under the same agreement of four hundred and ninety-five dollars would not. And this because the parties may estimate the value of the specific article *ad libertum*.

If the demand is payable at a certain counting room on one side the street, on a certain day, the payment and acceptance of a less sum at the time and place can be no discharge, although received in full; but if the parties will step across the street into a different counting room, and there carry into effect the same agreement, why this will be a full and complete discharge, because it might have been some advantage to the creditor to have the payment made in the second counting room; and further than this, while the payment of ninety-nine dollars made in the first counting room would be no discharge, the payment of twenty-five, nay, five, would be a complete one in the second. What more absurd? What more repugnant to common sense? I had almost said what more ridiculous?

And even worse yet; a third person's deed of nothing, of his interest in a piece of land where he had no interest whatever, will be a good satisfaction, if so received, while the payment of $\frac{75}{100}$ in cash will not. *Read v. Bartlett*, 19 Pick. 273.

Will this Court attach so much consequence to a technical rule of law, as to make it ride over common sense, and common honesty? Will they say that it is of such importance, that it should be preserved, although it should enable a person to violate his contract, fairly, fully, and understandingly made, and by which he is morally bound, with legal impunity? Will they dispense with the substance and retain the shadow? They have not yet adopted such law; and it is hoped, they will not. The Courts of neither Maine nor Massachusetts have ever directly decided the question.

The Court in Massachusetts is evidently inclined to discoun-

tenance the doctrine. In *Kellogg* v. *Richards*, 14 Wend. 116, the Court say, " The rule that the payment of a less sum of money, though agreed to be received in full satisfaction of a debt exceeding that amount, shall not be so considered, in contemplation of law, is technical and not very well supported by reason ; Courts, therefore, have departed from it on slight distinctions ;" and this is quoted by the Court, with approbation, in *Brooks* v. *White,* 2 Metc. 286.

Legal fictions are adopted in furtherance of justice ; technical rules should yield in furtherance of justice.

Nothing is more common with commercial men and merchants, than for creditors to compound with their debtors at a discount ; at the date of the receipt, introduced in this case, a general state of embarrassment existed in the commercial community ; a bankrupt law was in agitation and contemplation, and soon afterwards was passed.

Thousands of compromises, under these circumstances, were entered into by creditors and debtors. Now will this Court say, that all these compromises were mere nullities, and that the creditors still have the right to enforce their claims ; and this too, when debtors have disposed of all their effects in order, as they supposed, to get released from their embarrassments ? When they have been lulled into supposed security, by these invalid discharges, and have thus let the opportunity, afforded them by the bankrupt law, to rid themselves of their embarrassments, go by ! Creditors undoubtedly entered into these arrangements in good faith, and with no intent or design to trick or entrap their debtors. Will this Court now permit them, by virtue of a technical rule of law, repugnant to moral obligation and common sense, to make that, no discharge, which was supposed by the parties to be a full one, and resuscitate demands, which have been supposed to be dead for years ?

The opinion of the Court was prepared by

TENNEY J. — The plaintiff and another person, who is now dead, recovered judgment against the defendants for the sum of $80,27, debt or damage, and of $7,86, costs of the same

Bailey *v.* Day.

suit. The present action is upon that judgment, and is defended upon the ground, that the judgment had been fully paid before the commencement of the suit; but if otherwise, it was satisfied by the written acknowledgment by the plaintiff of the receipt of ten dollars, paid July 5, 1841, and a discharge of the judgment.

The receipt, which is in the case, does not show that any sum was paid upon the judgment, besides the ten dollars therein mentioned. The judgment is evidence of the indebtedness and the amount, and the burden is upon the defendants to show a payment of the balance, before they can avail themselves of this ground of defence.

The authorities are numerous, and it is believed uniform, that the payment in money, of a debt due and payable in money, by the debtor, at the place, where he was bound to make it, of a sum less than the full amount, and at the same time an agreement of the creditor to discharge the residue, will not operate as a defence to a suit for the balance. The reason is obvious; the agreement of discharge is without consideration. The apparent injustice of the rule in many cases has been presented in a strong light by the defendant's counsel. But to allow the argument to prevail would be subversive of the principle that in a simple contract, a promise without consideration is a *nudum pactum.* It is immaterial how small the consideration may be to make the contract binding, but if without any, it is void.

If without consideration a creditor makes a simple contract in writing, by which he agrees with his debtor, that his debt is discharged, it is quite manifest, that the rights of the parties remain unchanged; it is equally so, where is connected with such agreement no act of the debtor, which he was not in all respects previously bound in law to perform.

By the payment of a part, the defendants laid no foundation for an obligation in the plaintiff, but merely made discharge, *pro tanto,* of their own which they had long omitted.

*Judgment for the plaintiff.*