NICHOLAS WHITE *versus* TRISTRAM F. JORDAN.

A party can have no right to select a portion of the evidence introduced, and request instructions upon the effect it should or might have upon the minds of jurors, when examined separately from the other evidence applicable *to* the same point.

The rule of law is well established, that a payment made in money of a part does not operate *to* extinguish the whole debt, although it be received as a payment in full. There must be some consideration for the relinquishment of the portion not paid, or the agreement to receive a part payment in full will be without consideration and void.

When a case is brought before the Court by bill of exceptions, no question which is not presented by the exceptions, is open for consideration. The legal conclusion is, that all other necessary instructions were correctly given.

The Court cannot imply a promise, so as to take the contract out of the operation of the statute of limitations, as an inference of law, from the payment of a part of the debt; but the evidence should be submitted by the Court to the jury, with proper instructions, to enable them to do it.

EXCEPTIONS from the District Court, ALLEN J. presiding.

Copies of the papers in the case, material to the right under-standing of it, are given *verbatim* in the opinion of the Court. The verdict in the district court being for the defendant, the plaintiff filed exceptions to the rulings and decisions of the presiding Judge, and to his refusal to give instructions as requested.

The case was argued in writing.

*J. Appleton*, for the plaintiff.

That the plaintiff is entitled to recover, were it not for the note filed in set-off, will not be denied. The only question arises in relation to the note given by Stuart to Jordan and by him filed in set-off to the plaintiff's claim.

The note of Stuart is dated Sept. 19, 1834.

Under the circumstances of this case, the plaintiff relied upon the statute of limitations as a bar to the note filed in set-off. If the statute of 1821, c. 62, § 9, is applicable, and the plaintiff insists that it is, it is a perfect bar. *Little* v. *Blunt*, 16 Pick. 359; 1 Pick. 263.

The requested instruction being in accordance with adjudg-ed cases, should have been given.

The statute of limitations was a perfect bar against the claim filed in set-off. The Court however ruled that the stat-ute of 1821 did not apply, but that the case was to be govern-ed according to the principles of the Revised Statutes. This instruction was erroneous. The bar had become perfected before the Statutes went into effect. *Battles* v. *Fobes*, 18 Pick. 532; 19 Pick. 578; *Shepley* v. *Waterhouse*, 22 Maine R. 497.

2. The receipt was a perfect defence. The note of Stuart was given for stumpage. A portion had been liquidated in a trade between the parties and the amount paid at New York of $75,50 was for the balance due and was in full of the note. The note would have been given up, had it been there. The receipt was given instead.

3. If it be insisted that the payment was only a part pay-ment and that as a part payment it would be effective as a recognition of the debt, and as a renewal or new promise, I

answer, such is not the law. An express promise to pay is necessary to revive a debt, which has been outlawed. 8 Greenl. 353; Chitty on Contracts, 821.

The payment in this case, if it is to be considered and treated as a part payment, is not a new promise or a recognition of additional indebtedness from which a promise may be inferred. No promise arises expressly or impliedly from such payment. There is a most marked difference between a part payment *as such* and a payment of part, which is made and received as a payment in full discharge of a debt due. In the latter case, no promise by implication can arise, and none is expressly made. The payment of part to be in discharge of the whole, precludes the idea of an implied promise to pay the remainder of the note.

An offer to pay part of the note, the payment to be in discharge of the whole, does not revive the debt against a plea of the statute of limitations. *Atwood* v. *Coburn*, 4 N. H. Rep. 315; *Lawrence* v. *Hopkins*, 13 Johns. 288; *Exeter Bank* v. *Sullivan*, 6 N. H. Rep. 131; *Smith* v. *March*, cited, 6 N. H. Rep. 131.

Still less would a payment made to the creditor in discharge of the whole debt, and so accepted by him, be considered as a promise to pay any additional sum.

Part payment into Court will not take a case out of the statute of limitations, where the general issue and the statute of limitations are pleaded. 10 English Common Law R. 5; 13 English Common Law R. 447.

Where the debtor's agent had instructions to offer claimant a *part* of the debt in discharge of the whole, and the claimant *refusing* to take part, the agent pays the amount in part discharge, it is *not* a part payment by the debtor to take the case out of the statute. 29 English Common Law R. 319.

Still less when the creditor takes *it in full discharge,* and the debtor so receiving it, should it be considered as a part payment.

4. The requested instruction, that " the receipt was evidence from which the jury might infer the note of Stuart to Jordan

was paid," was correct and should have been given. *Blanch-ard* v. *Noyes*, 3 N. H. Rep. 519; *Henderson* v. *Moore*, 5 Cranch's R. 10.

The instruction given was a denial of that proposition and was erroneous.

5. The receipt, if for less than the amount of the note, was a bar, the payment being made at New York, where neither party resided, and without the production of the note to which Stuart had a right before payment.

Stuart was entitled to the note upon payment, and if the payee, upon offer of payment, should refuse to give up the note, the payor might withdraw it. *Hansard* v. *Robinson*, 7 B. & C. 90.

The rule, that a payment of part is not to be treated as accord and satisfaction when the parties so agree, is one purely technical, and is to be followed only when required by the strict rules of the law. *Brooks* v. *White*, 2 Metc. 287.

In this case the payment was made without the production of the note, at a *place*, where the payee, Jordan, had no legal right to the payment, he not having the note with him.

*Rowe*, for the defendant.

The deposition of Stuart, the payee of the note, was introduced by plaintiff and shows these two facts, conclusively: — That the note, on which the payment of March 10, 1837, (described in the receipt of that date,) was made, is the note filed in set-off; and that the payment of $75,50, was the only consideration for that receipt.

Plaintiff made two objections to the note: —

1. That it was barred by the statute of limitations.

2. That it had been paid.

The plaintiff excepted to the ruling of the district Judge.

That ruling was in strict conformity to the law as settled by all the cases on the subject. *Fitch* v. *Sutton*, 5 East, 230; *Cumber* v. *Wayne*, 1 Strange, 425; *Harrison* v. *Wilcox & al.* 2 Johns. R. 448; *Dederich* v. *Leman*, 9 *ib.* 333; *Seymour* v. *Minturn*, 17 *ib.* 169; *Smith* v. *Bartholomew & al.* 1 Metc. 276.

The counsel asserts that a portion of the note had been paid, that the $75,50 was for the balance due.

This assertion, made, as it is, in the face of Stuart's testimony and a report of all the evidence in the case, is entitled to praise for its boldness. I trust that the counsel in his closing argument will direct the attention of the Court to the evidence on which he relies to justify the assertion. Such evidence, if to be found will help him. But it cannot help his case. It would have authorised the jury to have returned their verdict for the plaintiff under the instructions given; and must show that the plaintiff's cause of complaint is against the jury, and not against the Judge.

The objection mainly relied on, is the statute bar. The question on this point, is, whether the case comes within the old statute, or the new; whether the six years are to be reckoned from the date of the note, Sept. 19, 1834, or from the date of the payment, March 10, 1837. If from the latter, then the instruction was correct, for the contract was not affected by the act of 1821, prior to its repeal. *Crehore* v. *Mason*, 10 Shepl. 414.

That part payment of a debt before it is barred, postpones the operation of the statute, and furnishes a new point of time from which the six years are to run, would seem to be too well settled by authority to be questioned. 14 Pick. 390; 2 *Fairf.* 152; 20 Maine R. 345.

But the counsel contends that we are not entitled to the benefit of the rule, because, he says, we do not come within the reason of the rule — that a new promise is necessary, and none can be implied from a payment under such circumstances. I doubt whether the rule, to the full extent to which it is clearly established, including payments after, as well as before, the bar has attached, can be reconciled with the view now entertained, that the statute is one of repose. It had its origin in the idea, that the statute was founded on presumption of payment; from which it naturally followed that any thing, which rebutted that presumption, prevented the bar. It has survived the doctrine from which it sprung, and stands now a

fixed rule of law, established by a uniform course of decisions, and recognized, if not confirmed, by the Legislature. Rev. Stat. c. 146, § 23. I refer, also, to *Wyatt* v. *Hodsdon*, 8 Bing. 309, decided since Lord Tenterden's act; and *Ilsley* v. *Jewett*, 2 Metc. 168, since the revision of Mass. statutes.

The defendant therefore, might, I think, safely rest on the law, without undertaking to show a new promise.

But if such new promise be necessary, it is easy to show it from the facts.

The counsel argues that no new promise can be implied, because the transaction shows that Stuart had no intention of paying any more. I might take issue with him on the fact. The whole transaction consisted of these two acts; the payment by Stuart; and the giving the receipt by Jordan. The first alone can be looked to for evidence of Stuart's intention. That indicates no such intention. Nothing was said, or done, indicative of a design not to pay more, should it afterwards appear that more was due. Stuart's account of the matter shows that both parties were acting under a mistake as to the amount of the note.

But waiving that, I maintain that a new promise is a necessary implication of law, from the fact that a part of the debt remained unpaid. The intention of the party paying has nothing to do with it. The law, in all cases, implies a promise from indebtedness — from a moral and legal obligation; and none the less decidedly, because the indebted party shows that he does not mean to pay.

There is a distinction, very manifest, when we come to the reason of the rule, between payments before, and after, the debt is barred. In the former case there is a continuing indebtedness — legal obligation to pay the balance, from which the law implies the promise; in the latter, there is no legal indebtedness, but merely a moral obligation, which furnishes only a consideration for an express promise, and not the foundation of an implied one.

The whole case appears to me to turn on the question, whether the payment was partial, or in full. It was *de facto*,

a part payment, and must in law have the effect of a part payment unless the receipt gives it the effect of a payment in full. If it operates as a part payment, then it leaves a balance due, from which the law implies a promise. If it operates as a payment in full, then it settles the case on the other point, and the plaintiff has no occasion to invoke the aid of the statute bar.

The court below, in withholding the instructions requested in relation to the receipt, committed no error. The receipt would authorize no such inference. No payment was ever made on the note, save the $75,50. Plaintiff put in the receipt and deposition together, and then asked the Court to instruct the jury, that they might infer, from the receipt alone, the existence of a fact which was negatived by the deposition.

The Judge did not forbid such inference. He submitted the whole evidence to the jury, instructing them, only, that the receipt was not proof of *satisfaction*, without evidence of other consideration than the $75,50. If the plaintiff rested his case on proof of *payment*, the jury were at liberty to find that fact from any evidence before them, including the receipt. If the jury had been satisfied that the rest of the note had been paid, and only $75,50 remained due at the date of the receipt, they would have returned their verdict for plaintiff.

In his fifth proposition, the counsel takes the position, that the fact of payment having been made at New York, in the absence of the note, was a sufficient " other consideration"; because Stuart was under no legal obligation to pay it *then and there*.

I might take issue with him on his law; for the note was due, and Stuart was liable to a suit on it wherever he might be. I might argue on the fact, that Stuart's deposition negatives the idea that any discount was made on that, or any other account. But argument on either law, or fact, is unnecessary, for the proposition does not touch any matter now at issue between us. If the circumstances of the payment were evidence of " other consideration" for the receipt, he

White *v.* Jordan.

had the benefit of it under the instructions given. If the jury erred in not finding "other consideration" from those circumstances, their error furnishes no ground for excepting to the ruling of the Court. He could have requested instructions in accordance with his views. From the silence of the case on this point, it is a necessary inference, either, that he did not ask such instructions, or, that if he did ask them, they were given. He had liberty to argue under the ruling that here was evidence of such consideration.

The opinion of the Court was delivered June 30, 1848, by

SHEPLEY J. — The suit is upon a promissory note made by the defendant on July 21, 1836, for forty dollars, payable to John Stuart or bearer, in one year from date, with interest. The note continued to be the property of Stuart for a long time, after it became payable. The defendant filed in set-off a promissory note made by Stuart on Sept. 19, 1834, for one hundred and fifty dollars, " towards stumpage of lumber cut on township No. 1, Bingham purchase, as my bond may certify, dated July 11, 1834, signed by Thomas Wentworth," payable to the defendant or bearer. The plaintiff contended, that this note had been fully paid ; and also that the defendant's right to recover upon it was barred by the statute of limitations.

To prove payment he introduced a receipt signed by the defendant and bearing date on March 19, 1837, stating, that he had received of Stuart, " seventy-five dollars $\frac{50}{100}$ in full for a note dated some time in October, 1834, the same and signed by said Stuart for some stumpage in a trade between said Stuart and myself." As the receipt did not describe the note with sufficient accuracy to identify it, the deposition of Stuart was introduced for that purpose. It stated the time, place and circumstances in relation to that payment. Upon this testimony the question arose whether that note had been paid in full, or only in part.

The Judge was requested to instruct the jury, " that the receipt was evidence, upon which the jury might infer the note of Stuart to Jordan was paid." It will be perceived,

that this request was not made for instructions respecting the true construction or legal effect of the receipt. It might be explained, and its literal import might be controlled by the other testimony, and its effect must be considered in connexion with that testimony. A party can have no right to select a portion of the evidence introduced and request instructions upon the effect that it should or might have upon the minds of jurors, when examined separately from the other evidence applicable to the same point. This has been often stated; and the requested instruction was properly refused.

The jury were instructed on this point " that the receipt of itself was no defence to the note beyond the amount paid, unless there was evidence to satisfy the jury of other consider-ation." The rule of law is well established, that a payment made in money of a part, does not operate to extinguish the whole debt, although it be received as a payment in full. There must be some consideration for a relinquishment of the portion not paid, or the agreement to receive a part as pay-ment in full, will be without consideration and void. The instructions authorized the jury to consider, whether any such consideration was proved. It is said, that " the ruling given did not explain the law or state it satisfactorily." If there were any omissions to do so, the counsel might have re-quested appropriate instructions. This Court cannot conclude, that there were any such omissions, when no evidence of it is presented in the bill of exceptions. The instructions on this point, which are the subject of complaint, were correct, and the legal conclusion is, that all other necessary instructions were correctly given. No question, which is not presented by the bill of exceptions, is open for consideration.

On the second point the counsel for the plaintiff, " requested the Court to instruct the jury, that the statute of limitations of 1821, was applicable to the note filed in set-off." This was refused, and the jury were instructed, that " the Revised Stat-utes were to govern." This would be correct, if Stuart made a new promise, when the payment was made by him on March 19, 1837. If he did not make a promise at that time, the

defendant's right to recover upon that note would have been barred by the act of 1821, before it was repealed; and in such case the rights of the parties should have been determined by the provisions of that act.    *Crehore* v. *Mason,* 23 Maine R. 413.    It became necessary to decide upon the effect of the payment made by Stuart in the month of March, 1837, under the circumstances exhibited by the testimony, for the purpose of determining, by which of those statutes the rights of the parties were to be decided.    There is no proof, that Stuart made at that time any declarations amounting in law to a promise.    The jury might have been fully authorized to find, that there was no other consideration for that payment than the duty to pay his debt; and that the defendant was not bound by the acknowledgment contained in his receipt, that it was received as payment in full.    For when the question was distinctly put to Stuart, whether that money was paid in full for the note, the answer was, "it was, I presume, the receipt says so, and he wrote the receipt himself."    He does not testify, that there was any express agreement made between them, that the amount paid, on account of the place of payment and absence of the note, should be received as payment in full; or that there was any conversation between them indicating any consideration other than the usual one, that a creditor desires to obtain payment of his debtor.

If that payment be regarded as made in the ordinary course of business between debtor and creditor, it would be evidence, from which the jury should infer a new promise.    But such a payment does not authorize the Court to do it as a legal inference.    *Oakes* v. *Mitchell,* 15 Maine R. 360; *Pray* v. *Garcelon,* 17 Maine R. 145; *McLellan* v. *Albee, idem,* 184; *The Exeter Bank* v. *Sullivan,* 6 N. H. Rep. 124; *Sigourney* v. *Drury,* 14 Pick. 387; *Sands* v. *Gelston,* 15 Johns. R. 511; *Bell* v. *Morrison,* 1 Peters, 351; *Tanner* v. *Smart,* 6 B. & C. 603.    In the case of *Linsell* v. *Bonsor,* 2 Bing. N. C. 241, Tindal C. J. said, that "a distinct and unqualified acknowledgment would have the same effect as a promise, because from such an acknowledgment the law implies a

promise to pay." But that case arose under the provisions of the act of 9 Geo. 4, c. 14 ; and the grounds for such a legal inference are stated by Mr. Justice Gaselee, that " the words of the late statute are 'promise or acknowledgment ;" that means an acknowledgment, from which the law would imply a promise to pay.

To authorize him to give unconditional and absolute instructions, that the rights of the parties were to be determined by the provisions of the Revised Statutes, the Judge, it would seem, must have concluded, that the law would infer a promise from the payment made by Stuart. The jury might have been instructed to inquire, whether that payment was made under such circumstances, that it amounted to an admission, that the debt was then due ; that if they came to that conclusion, they should infer a promise made at that time to pay it, and that in such case the rights of the parties were to be determined not by the provisions of the act of 1821, but by those of the Revised Statutes ; and that if they should not so find, their rights would be determined by the provisions of the statute of 1821. The Court appears to have erred by implying a promise as an inference of law, from a payment of part of the debt, instead of submitting the testimony to the jury with proper instructions to enable them to do it.

*Exceptions sustained and new trial granted.*