No. 65.—JAMES LOVE, plaintiff in error, *vs.* THOMAS C. HACKETT and another, admrs. of ROBT. WARE, and others, defendants.

[1.] It is the province of the Court to determine what is, in law, such a promise as will take a case out of the Statute of Limitation, but it is for the Jury to find what promise is in fact made.

[2.] A, a joint maker and surety on a note, promised the holder, that if he would not sue on it until a bill to marshal the assets of the principal, who was dead, was determined, and the amount allowed upon the note by the decree was paid, he would pay the balance then due on the note: *Held*, that upon the fulfilling of the conditions, the promise became an absolute promise to pay, and would be a sufficient reply to a plea by A, on a suit against him on the note, of the Statute of Limitations: *Held*, that it was incumbent on the plaintiff to show that the conditions were fulfilled, but that it was not necessary for him to prove that they were fulfilled *before* the institution of the suit, it being sufficient to show that they were fulfilled before the trial.

Assumpsit, in Floyd Superior Court, October Term, 1848, before Judge WRIGHT.

Love *vs.* Hackett and others.

This was an action of assumpsit, commenced August 1st, 1846, upon a note for $700, principal, due 25th December, 1839, and signed by Robert Ware, Wm. Smith, John Smith and John H. Lumpkin, to which the defendants pleaded general issue, Statute of Limitations, and notice and failure to sue.

Upon the trial the note was given in evidence on the part of the plaintiff, and the depositions of Julius M. Patton, who swore, that he had a conversation with John H. Lumpkin, one of the defendants, in relation to the claim sued on in this case. It was at the April Term of the Superior Court of Floyd County, in the year 1844, as he believes. Witness mentioned to Lumpkin that he had established a copy of a note that had been lost, against Ware's estate, William Smith, John Smith and himself, and witness said to Lumpkin that he (Lumpkin) would have to pay the most of it, as it was thought Ware's estate would fall far short of paying the debts, and William Smith and John Smith were considered broke or insolvent, and witness supposed he (Lumpkin) did not wish to be sued upon the claim. Lumpkin said he did not wish to be sued on the claim; that he had lost, or should lose, considerable on account of Ware, and that he did not wish to increase his losses by adding costs thereto; and Lumpkin then said to witness, if you won't sue, or don't sue, (one or the other,) until the bill which had been filed by the administrators of Ware to marshal the assets of the estate, (then pending,) should be disposed of, and the amount which should be allowed to this claim was paid, then he would pay the note. Witness replied, that his client could have no right to complain if he got his money as soon as it could be collected by law, and asked Lumpkin if his promise was to pay the balance of the note so soon as the bill referred to was disposed of, and the amount allowed to this claim should be paid upon it. Lumpkin said that was his promise; to which witness replied, he would let the matter lie until the disposition of the bill, and expressed his belief that would be before he could collect the money if he were to sue. In October, 1845, the bill referred to not having been disposed of, witness said to Lumpkin that he wished him to put their agreement in writing, as life was uncertain. Lumpkin asked what was the promise he had made. Witness stated the same he has now sworn to. Lumpkin said witness had misunderstood him, he thought, in reference to the promise made. He said he had agreed to pay what might be due

upon the claim, so soon as the bill above referred to should be disposed of, and the amount allowed to it from the estate of Ware should be paid upon it, if he was liable.    Witness replied to him, he had said nothing about his liability in the conversation referred to, and witness then asked Lumpkin, if he had disputed his liability at that time, how else could it have been ascertained than by bringing suit, and if he (Lumpkin) supposed the witness would have suffered it to lie so long if Lumpkin had disputed his liability in the conversation referred to.    Lumpkin said, if that was witness' understanding of the promise he had made, witness had better sue.    Witness replied, he most certainly should; and in the month of November, 1845, witness filed in the Clerk's office of the Superior Court of Floyd County, a declaration founded upon the claim now sued on, which declaration the Clerk failed to have copied and served.    Lumpkin said nothing about paying his *portion*, but whatever might be due.    The suit was filed before the bill was disposed of, for the reasons already stated.    Plaintiff proved, on the trial, that the bill was determined, and the amount allowed by the decree thereon had been paid.    The note was not barred by the Statute of Limitations at the time of either of the conversations with John H Lumpkin.

After the reading of this testimony, the plaintiff insisted that the acknowledgment and promise, as proved by the testimony, were sufficient to take the case out of the Statute of Limitations, and moved that the plaintiff was entitled to a verdict; which was overruled by the Court, and the plea of the Statute of Limitations was sustained by the Court, as a bar to the plaintiff's right to recover, and a judgment of non-suit was awarded.

The refusal of which motion for a verdict, and the awarding of the non-suit, were excepted to, and are now alleged to be erroneous.

W. H. UNDERWOOD and W. AKIN, for plaintiff in error.

HOOPER & MITCHELL, for defendant.

Judge *Lumpkin* did not preside in this cause, being a relative to one of the parties.

*By the Court.*—NISBET, J. delivering the opinion.

At the time when the alleged promise of the defendant, Lump-kin, was made, a bill was pending, by the administrator of Ware, who was principal on the note sued upon, to marshal the assets of his estate. The promise, relied upon by the plaintiff as a reply to the Statute of Limitations, was made in reference to this bill. The suit was brought after the Statute bar had taken effect, and before the conditions, (to wit: the termination of the bill to marshal the assets, &c.) had been fulfilled; *but at the time of the trial the conditions had been fulfilled*; that is, the bill was then disposed of and the amount allowed upon the plaintiff's claim had been paid. Upon the trial, the Court held, that the reply to the Statute was not sufficient, and non-suited the plaintiff, and we are asked to review that decision.

[1.] The evidence as to what was the promise of the defendant, being somewhat in conflict, it ought to have been left to the Jury to find what it was. Whilst it is with the Court to determine what will amount in law to a sufficient reply to the Statute, it is for the Jury to determine what it was. Regarding the question as before us, however, as the presiding Judge entertained it, upon a motion to non-suit the plaintiff, there seems to us no alternative but to take the promise as proven in the first conversation; the witness swearing that that was the promise, notwithstanding the subsequent explanations of the defendant.

[2.] What, now, is that promise? It is a promise to pay the balance of the note when the bill to marshal the assets of Ware is determined, and the amount allowed to it by the decree on that bill is paid. The view we take of this matter is this, to-wit: if the condition, at the trial, was fulfilled, it was then an absolute, unconditional promise to pay what was then due on the note. The fulfilling of the condition relates back to the time when the promise was made, and makes it, at the moment of fulfilment, an absolute, unconditional promise to pay. It was not necessary that the fulfilment of the condition should have taken place before the suit was brought. It was necessary that the plaintiff should prove that fact before he could remove the statutory bar—that he did do in this case. A promise which, in law, will be sufficient to take a case out of the Statute, will be a sufficient reply, even though made after suit brought. *Yea vs. Fowraker,* 2 *Burrow,* 1099. *Danforth vs. Culver,* 11 *Johns. R.* 146. 5 *Ga. Reports,* 486.

The plaintiff having proven upon the trial, the promise made before the Statute took effect, with the conditions, and having at the trial also proven that the conditions had been fulfilled, to wit: that the bill to marshal the assets of the estate of Ware, had been determined, and the amount decreed to the plaintiff's claim had been paid, the promise then stood as an absolute promise to pay what was then due on the note, and was unquestionably a sufficient reply to the plea of the defendant. *See Angel on Limitations*, 249 to 260. *Bell vs. Morrison*, 1 *Peters' R.* 351, *and the numerous authorities there quoted.*

Counsel for the defendant insisted that the plaintiff was not entitled to recover, because, instead of suing upon the original note, he should have brought his action on the new promise. The question thus raised in the argument, was not made in the Court below, and the presiding Judge did not pass upon it. It is not, therefore, made upon this record, and we express no opinion upon it. *See Administrator of John Martin vs. Broach*, 6 *Ga. Reps. ante, page* 2▮

Let the judgment of the Court below be reversed.