Sibley *v.* Lumbert.

It also appeared that the plaintiff made some statements to the referees concerning the matter, in the absence of the other party, and it was testified by one of the referees that the statements did not in any way affect the award.

The Court instructed the jury, that if the plaintiff was present and made material statements, it would render the award invalid. Verdict for plaintiff.

*J. Appleton & Mudgett,* for defendant, to obtain a new trial, relied upon *Dobson* v. *Groves,* 6 Queen's Bench, 637, cited in Kinne's Comp. 1848, p. 14.

*Waterhouse,* for plaintiff.

---

FRANKLIN B. SIBLEY *versus* JOSEPH R. LUMBERT & al.

A minute upon the margin of an indorsed negotiable note, representing the note to be the "property of A. B." is not, of itself, proof that A. B. *at the time of the trial,* in a suit upon the note, had any interest in it.

Such a minute, of itself alone, will not preclude A. B. from testifying for the indorsee, in a suit upon the note against the maker.

Since the Revised Statutes, as well as before, a new promise may be implied from a partial payment upon a note.

Such a payment, within six years before the commencement of the suit, will avoid the statute bar of limitations.

Such payment may be proved by parol.

ASSUMPSIT on three promissory notes, all of the same date, signed by the defendants in their copartnership name, Lumbert & Fisher, payable more than six years before the suit, to a third person or order, and indorsed in blank.

Fisher was defaulted. Lumbert pleaded the statute of limitations. On the trial, before HOWARD, J., the plaintiff introduced widow Cynthia Sibley, as a witness; she was objected to by defendant, as interested, because on the face of two of

the notes in suit, was written in pencil, " property of Mrs. Sibley." The objection was overruled. By her testimony, it appeared, that she became the holder and owner of the notes in suit, as her portion of her husband's estate, and had transferred her interest to the plaintiff, before the commencement of this suit; that the indorsements on the notes, (being a number of partial payments from 1840 to 1845,) were all made by Fisher. That while she held the notes, in 1842, she called on Lumbert, for payment, and asked him for goods for the debt out of his son's store. He declined paying in that way, but let her have ten dollars in money. This was in the summer of 1842. In October of the same year, she again called on Lumbert for payment, and his wife was present. Mrs. L. said the debt ought to be paid, and he said it would take all he had to pay the debts. He then let her have, towards these notes, a chaise valued at $250. The reason why this money and chaise were not indorsed, was that the defendant, Fisher, who was her brother, and had assisted her in her business, told her there was no need of indorsing it then ; that it would be charged, and be the same thing; that the defendants were copartners in trade, when the notes were given, and their partnership had never been dissolved to her knowledge, but they had not traded since 1840.

Upon this evidence, the case was, by consent, taken from the jury, and submitted to the consideration of the Court. A nonsuit or default is to be entered as the legal rights of the parties shall require.

*Peters*, for plaintiff.

*Cutting*, for defendant.

The minute on the note was *prima facie* evidence, that Mrs. Sibley owned it. The case had nothing to repel that evidence. She was therefore wrongfully admitted as a witness for the plaintiff.

Her testimony being excluded, the statute bar is in full force.

Mrs. Sibley, when she received the payments of $10 and $250, made no appropriation. Had she appropriated those

payments upon either one of the notes, the others would have been barred. By omitting to indorse the sums, she must be considered as having received them *on account.* Such a reception cannot be deemed a *payment.*

She says she " does not know that Lumbert said any thing about the debt." How, then, can it appear that *he* intended to make a *payment ?*

WELLS, J. — The words in pencil mark, on the face of two of the notes in suit, " Property of Mrs. Sibley," would not necessarily indicate that they were her property, at the time she was offered as a witness. They might be perfectly consistent with her ownership at a prior time.

She was properly admitted as a witness. Her testimony shows, that she was once the owner of all three of the notes, but had transferred her interest in them to the plaintiff, before the commencement of the suit.

While she was the owner of the notes, and within six years from the commencement of the action, Lumbert made a payment to her of ten dollars, and a chaise valued at two hundred and fifty dollars, in part satisfaction of the notes. No direction was made by him, upon which of the notes he would have the payments applied, nor were they indorsed upon either of the notes.

The other defendant having been defaulted, no question arises as to his liability.

The payments made by Lumbert create a new promise by him, and remove the bar arising from the statute of limitations.

Chap. 146, § 19, of the Revised Statutes, requires the acknowledgment or promise, as evidence of a new or continuing contract, to be in writing. But the twenty-third section of the same chapter says, " nothing contained in the preceding four sections shall alter, take away, or lessen the effect of payment of any principal or interest, made by any person," &c.

While a mere acknowledgment or promise must be in

writing to render it valid, a new promise is implied from the fact of a partial payment of principal or interest. ·

Nor has the latter section pointed out the mode of proof, excepting that an indorsement or memorandum, made by the person to whom a payment shall be made, is not sufficient proof of.it, so as to take the case out of the operation of the statute. It has left the fact of payment to be established in the same manner, as would have been required before the statute was passed.

It has been held in Massachusetts, upon the construction of a similar statute, that a verbal admission, of the party to be charged, of a partial payment, may be shown to avoid the effect of the limitation. *Williams* v. *Gridley*, 9 Metc. 482.

In this case there is direct proof of the payments which were made, and a default must be entered.