MASON G. WEBB and others *vs.* DONALD M. STUART.

*Contract—consideration—mutuality.　Statute—construction of.*

> In the trial of an action of assumpsit, on an account annexed, the defendant offered in evidence an unsealed, written agreement, signed by the plaintiffs and five other creditors of the defendant, therein stipulating to "take fifty per cent of the amount due us in full, for account against" him; and oral evidence that the defendant, prior to the commencement of this suit, presented to the plaintiffs the draft of a third person, of an amount equal to fifty per per cent of the account in suit, and claimed a receipt in full; but that the plaintiffs refused to accept the draft and give the receipt ; *Held,* (1) That the evidence disclosed no consideration for or a mutuality in the written agreement; and (2) That the defense was not within R. S. c. 82, § 38.

ON REPORT.

ASSUMPSIT on an account annexed for merchandise, sold and delivered Nov. 18, 1868.　The sale and delivery admitted.

In defense, the defendant offered an unsealed, written agreement, executed on Feb. 15, 1869, by the plaintiffs and five other creditors of the defendant. The tenor of the agreement was as follows: " We, the undersigned, agree to take fifty per cent of the amount due us in full, for account against D. M. Stuart."

It appeared that a few days before the date of the writ, a draft of M. Young for fifty per cent of the account in suit, was presented to the plaintiffs, and a receipt in full claimed ; but that the plaintiffs refused to accept the draft and give such receipt, on the ground that the defendant had agreed to pay the other fifty. per cent to their attorney.

If the agreement was not a defense, the defendant to be defaulted.

*Geo. S. Peters,* for the plaintiffs.

*A. Wiswell,* for the defendant.

Kent, J. It is admitted that the goods sued for, were sold and delivered to the defendant by the plaintiffs, at the price named. In defense the defendant offers a paper, not under seal, signed by the plaintiffs and five other creditors of defendant, of which the following is a copy : " We the undersigned agree to take fifty per cent of the amount due us in full, for account against D. M. Stuart, Ellsworth." It is agreed that this paper was signed by the plaintiffs, before the commencement of this suit. The defendant is willing to be defaulted for fifty per cent of the debt. The plaintiffs claim judgment for the whole.

This agreement is not technically a release. It is not under seal. It does not purport to be a release, but at most, it is an agreement to release upon payment. There is no consideration expressed or proved, moving from defendant. No mutuality. The defendant does not promise on his part. Nothing has been paid.

At common law, which has been recognized often in this State, before the enactment of the statute of 1851, it is well settled, that a payment of a part of a debt, made in money, does not operate to

extinguish the whole debt, although it be received as a payment in full, and a full discharge be given. *Bailey* v. *Day*, 26 Me. 88; *White* v. *Jordan*, 27 Me. 370.

The only change from this doctrine, by the statute of this State (R. S. 1857, c. 82, § 44; R. S. 1871, c. 82, § 38), is that " no action shall be maintained on a demand, settled by a creditor or his attorney, intrusted to collect it, in full discharge of it, by the receipt of money or other valuable consideration, however small."

In this case there has been no money received, or any valuable consideration.

The draft of a third party for fifty per cent of the debt was no payment, as the plaintiffs declined to receive it. It was no tender, not being money, and because a receipt in full was claimed.

We cannot find in the case any evidence, which brings the defense within the language of the statute. That requires that the demand should be settled, and fully discharged, by the actual receipt of money or some valuable consideration.

According to the agreement of the parties, the entry must be

<em>Defendant defaulted for the whole amount<br>claimed in the bill annexed to the writ.</em>

APPLETON, C. J.; CUTTING, WALTON, DICKERSON, and DANFORTH, JJ., concurred.