### KISLER *v.* SANDERS, ADMINISTRATRIX.

STATUTE OF LIMITATIONS.—*New Promise.*—No acknowledgment of, or promise to pay, a debt barred by the statute of limitations is sufficient to take the case out of the operation of the statute, unless the same is contained in some writing signed by the party to be charged thereby.

SAME.—*Part Payment.*—*Witness.*—*Administrator.*—In an action by an administrator, where the statute of limitations is pleaded, and an acknowledgment of the debt by a part payment is replied, the administrator is a competent witness to testify as to payment made to such administrator, but not as to matters relating to the original contract.

SAME.—*Evidence.*—In such case, testimony showing a parol acknowledgment of the debt, and a promise by parol to pay the same, not connected with part payment of the debt, is incompetent.

SAME.—*Administrator De Bonis Non.*—A part payment made to one who is afterward appointed administrator *de bonis non* of the estate of the creditor, is not a payment sufficient to take the debt out of the operation of the statute of limitations. The payment must be made to the creditor, or to some one lawfully acting in his behalf.

APPEAL from the Hendricks Common Pleas.

BUSKIRK, J.—This was an action by Lucinda Sanders, Administratrix *de bonis non* of the estate of Benjamin Sanders, deceased, against John Kisler, the appellant, upon an account due to the deceased in his lifetime. The action was commenced on the 20th of December, 1870. It is alleged in the complaint that Benjamin Sanders departed this life on the 8th day of March, 1860; that at the time of his death, the appellant was justly indebted to him in the sum of two hundred dollars, which remains due and wholly unpaid.

The appellant answered in four paragraphs; first, that the plaintiff, Lucinda Sanders, was not then, and never had been, the administratrix *de bonis non* of the estate of Benjamin Sanders, deceased; second, the general denial; third, the statute of limitations of six years; fourth, that Benjamin Sanders departed this life before six years had elapsed after the supposed cause of action had accrued to him, the said Sanders, deceased, and that the plaintiff, as administratrix *de bonis non* had not commenced suit on said account within

eighteen months after the death of the said Benjamin Sanders, deceased.

The appellee replied in two paragraphs. The first was a denial of each and all of the paragraphs of the answer. The second was as follows:

"And for further reply, especially to the third and fourth paragraphs of the defendant's answer, the plaintiff says, that within the time of six years last past, and but three years ago, said defendant paid her five dollars upon said debt, and promised to pay all of said debt; that said defendant admitted that said debt was just, due, and unpaid; that said payment was expressly made upon said claim, which is the foundation of this suit and the one set out in the complaint herein. Wherefore, she says that he ought not to be heard in his plea of the statute of limitations herein, and that she ought to recover said debt off of and from said defendant."

The appellant demurred to the second paragraph of the reply. The demurrer was overruled, and the appellant excepted.

By the agreement of the parties, the cause was submitted to the court for trial, and resulted in a finding for the plaintiff. The court overruled a motion for a new trial and rendered judgment on the finding, to which ruling the appellant excepted.

The appellant has assigned for error the overruling of the demurrer to the second paragraph of the reply and the motion for a new trial.

Did the court err in overruling the demurrer to the reply?

The pleader attempted, in the reply, to bring the case within two exceptions to the statute of limitations, and these separate and independent facts should have been pleaded separately, but no motion was made to separate the pleading, and we shall treat it as though the separate and distinct defences were properly united. We regard the reply as attempting to set up a part payment, and a new promise to pay the remainder of the debt. It was well settled by repeated decisions that an acknowledgment of the existence

and justice of the debt and a promise to pay would take it out of the operation of the statute of limitations. But a statute of limitations, passed 9 Geo. 4, c. 14, makes a promise in writing requisite to take a case out of the operation of the statute on the subject. Ang. Lim., sec. 249.

The same provision has been enacted in this State. Section 220 of the code provides, that "no acknowledgment or promise shall be evidence of a new or continuing contract whereby to take the case out of the operations of the provisions of this chapter [article], unless the same be contained in some writing, signed by the party to be charged thereby." 2 G. & H. 163. There was no averment in the reply that the acknowledgment and promise were contained in a writing signed by the defendant, nor was the same or a copy thereof filed with the reply, and for these reasons it failed to constitute any defence to the statute pleaded.

It was also the settled doctrine, that "an acknowledgment or new promise may be inferred from the fact of part payment of a contract within six years, or from the payment of a smaller, on account of a greater, sum of money due from the party making the payment to the party to whom it is made." Ang. Lim., sec. 240. The rule is stated by this court, in *Carlisle* v. *Morris,* 8 Ind. 421, thus:

"An admission of continued indebtedness may be inferred from the fact of part payment; but the court is not allowed to imply such admission as an inference of law. It must be left to the jury. It is only *prima facie* evidence, and may be rebutted by other evidence, and by the circumstances under which it was made. Further, in order to take a case out of the statute by a part payment, it must appear that the payment was made on account of the debt for which the action is brought." *Arnold* v. *Downing,* 11 Barb. 554; *White* v. *Jordan,* 27 Me. 370; *Colburn* v. *Averill,* 30 Me. 310; *Sibley* v. *Lumbert,* 30 Me. 253; *Evans* v. *Smith,* 34 Me. 33; *Patch* v. *King,* 29 Me. 448; *Carshore* v. *Huyck,* 6 Barb. 583; *Love* v. *Hackett,* 6 Ga. 486; *Guy* v. *Tams,* 6 Gill, 82; *Davies* v. *Edwards,* 6 Eng. L. & Eq. 520; Ang. Lim., sec. 240, note 1.

Kisler *v.* Sanders, Administratrix.

The act of 9 Geo. 4, c. 14, requiring the new promise to be in writing, was followed by a proviso that nothing therein contained "shall alter or take away, or lessen the effect of any payment of any principal or interest made by any person whatsoever."

A similar provision is contained in our statute, with a very important limitation upon the mode of proving part payment. It is provided by sec. 223 of the code, that "nothing contained in the preceding sections shall take away or lessen the effect of any payment made by any person; but no indorsement, or memorandum of any payment made upon any instrument of writing, by or on behalf of the party to whom the payment shall purport to be made, shall be deemed sufficient to exempt the case from the provisions of this chapter [article]."

The above provisions of our code have effected very important modifications of the law as it existed prior to its adoption, and the law in this State may be stated as follows: No acknowledgment of or promise to pay a debt barred by the statute shall be sufficient to take the case out of the operation of the statute unless the same shall be contained in some writing, signed by the party to be charged thereby.

The force and effect of part payment is the same under our code that it was at common law, but no indorsement or memorandum of any payment made upon any instrument of writing, by or on behalf of the party to whom the payment shall purport to be made, shall be deemed sufficient to take the case out of the operation of the statute.

The reply in question sufficiently alleged part payment, and constituted one good defence, and consequently the court committed no error in overruling the demurrer thereto. The appellant should have moved the court to strike out that portion of the reply which attempted to set up the acknowledgment and promise, or should have had the distinct defences stated in separate paragraphs, when the sufficiency of the allegations could have been tested by a demurrer to

each paragraph; but having failed to do either the one thing or the other, he cannot now be heard to complain of the ruling of the court.

· We are next to inquire and determine whether the court erred in overruling the motion for a new trial.

The court, over the objection and exception of the appellant, permitted the plaintiff, who instituted and maintained the action as administratrix *de bonis non,* to be sworn and testify to a payment made to her. It is maintained by the appellant that she was rendered incompetent by the first proviso to section second of the act of March 11th, 1867, in reference to witnesses. 3 Ind. Stat. 559.

We think otherwise. She was admitted to prove that a part payment had been made to her in her fiduciary capacity. For that purpose she was competent, as such proof would have shown that a contract had been made with her as administratrix *de bonis non.* It is expressly provided in said proviso that the exclusion shall not apply "in cases arising upon contracts made with the executor, administrator or guardian of such estate."

The plaintiff was, however, permitted to testify in reference to the original contract. This was error. The deceased was then alive, and the contract was made with him. In such a case neither party is competent.

The court also, over the objection and exception of the appellant, permitted Clark Blair and Daniel Sanders to testify to parol acknowledgments of the debt and to parol promises to pay, not connected with part payment. This was wrong. Under section 220, *supra,* such proof could only be made by a writing signed by the defendant. The distinction is this: that where a mere acknowledgment and promise, disconnected from part payment, are relied upon, they must be proved by a writing signed by the party to be charged, but where part payment is relied upon, such payment may be proved by parol, and from such part payment a new promise is inferred.

The plaintiff, at the close of her testimony, admitted that

the payment to her of five dollars by the defendant took place before she was appointed administratrix *de bonis non.* Was such a payment sufficient to take the case out of the operation of the statute of limitations? We think that it was not. There are cases in England and in this country, holding that a payment to a stranger was sufficient to take the case out of the statute, but the very decided weight of the modern decisions is, that the payment must be made to the creditor, or to some one lawfully acting in his behalf. Such has been the uniform ruling in England since the passage of the statute of limitations during the ninth year of the reign of George IV, and as we have re-enacted such statute, we should adopt the English construction. *Grenfell* v. *Girdlestone,* 2 Y. & Col. 662; *Goate* v. *Goate,* 37 Eng. L. & Eq. 486; *Keener* v. *Crull,* 19 Ill. 189; *Winchell* v. *Hicks,* 18 N. Y. 558; *Van Alen* v. *Feltz,* 9 Abb. Pr. 277; *Bloodgood* v. *Bruen,* 4 Seld. 362; *Wakeman* v. *Sherman,* 5 Seld. 85; *Sherman* v. *Wakeman,* 11 Barb. 254; *Watkins* v. *Stevens,* 4 Barb. 168.

When the defendant paid the five dollars to the plaintiff she had no lawful right to receive it, and from such a payment a new promise cannot be inferred.

The court erred in overruling the motion for a new trial, for which the judgment must be reversed.

The judgment is reversed, with costs; and, the cause is remanded, with directions to grant a new trial, and for further proceedings in accordance with this opinion.

*C. C. Nave* and *C. A. Nave,* for appellant.

*L. Ritter,* for appellee.