### FOR THE

## COUNTY OF RUTLAND,

### JANUARY TERM, 1844.

---

**PRESENT,**

Hon. CHARLES K. WILLIAMS, CHIEF JUDGE.
Hon. STEPHEN ROYCE,
Hon. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
Hon. WILLIAM HEBARD,

---

## JIRAH VAUGHAN *v.* JAMES PORTER.

Requests to the county court, in reference to a specific charge to be given to the jury, must be made when the counsel, from whom the request comes, opens the argument upon his side ; and, if not made at that time, the court is not bound to notice them.

Neither is the court bound to notice such a specific request, unless couched in such terms as to be *sound law* to the full extent; *it is not* sufficient that some sound law may be extracted from it. REDFIELD, J.

But the court is bound to charge the jury correctly, and upon all the points raised in the argument, or which fairly grow out of the evidence.

In an action for the price of a patent right, sold without warranty or fraud, the plaintiff is entitled to recover, if the patent be of any value. Evidence cannot be received to reduce the damages by showing the patent to be of little value.

Vaughan *v.* Porter.

A general clause in a written contract, following other more specific clauses, will often be limited and controlled by them. Thus where, in the condition of a contract for the sale of a patent, it was provided that, if certain specified defects were found to exist in the patent, the contract should be void, a general clause, immediately succeeding, which provided, that, if there should be *any other defects whatever*, the contract should be void, was held to have reference to defects in the patent, and not to defects in the machine itself affecting its intrinsic value.

ASSUMPSIT on a contract in writing executed on the sale, by the plaintiff to the defendant, of a patent right for making and vending " Vaughan's Patent Balance." The contract contained this condition. " Now the condition of the above obligation is such, that if there should be any defect in said patent, whereby all its privileges cannot be enforced, or if there shall be any other invention so nearly like it, as to materially affect the value of the same, now in the patent office, or if there should be any other defect whatever, the above contract is to be void." On trial the defendant offered evidence tending to prove that the balance in question was more expensive in its manufacture, by nearly one half, than other scales equally convenient,—of more complicated construction,—more likely to get out of order,—requiring more frequent and expensive repairs,—by reason of all which it was, in a great degree, unfitted for common use. Testimony was introduced by the plaintiff tending to contradict this.

After the argument was closed, the defendant requested · the court to charge the jury that any increased liability to get out of repair, in this over other scales in use, or any increased difficulty in the use of said scales, requiring more care or skill in the persons using them, would be such a "defect" as would avoid the contract.

The court did not particularly notice the defendant's request, but did, among other things, charge the jury, that, as the defendant had contracted for the right to make and vend the balance in question under the patent, and still retained the exclusive right, under the contract, to make and vend the balance patented, and had not reconveyed, or offered to reconvey the same to the plaintiff, the plaintiff was entitled to recover, if the patent was of any value, and if no fraud or imposition were practised by the plaintiff, and there had been no failure in any of the respects specified in the condition of the contract. Exceptions by defendant.

---

Vaughan *v.* Porter.

---

*R. Pierpoint* for defendant.

The defendant contends that the court erred in this, that under the charge the jury were required to find for the plaintiff, if there was any value in the patent; whereas he insists, that, by the terms of the contract, it was, on the part of the inventor, a warranty of the value and sufficiency of the invention in those very particulars, among others, to which the defendant requested that the attention of the jury might be called.

*Thrall* and *Hodges* for plaintiff.

1. The plaintiff insists that the court were correct in refusing to charge the jury as requested by the defendant's counsel. *Williams* v. *Hicks*, 2 Vt. 36. *Vernon* v. *Keys*, 12 East 636. 1 Salk. 211. 4 Taunt. 488, 496. 2 Stark. Ev. 467, note. Anthon's N. P. 87. Phillips on Patents, 137–140.

2. That, as the defendant still retained the exclusive right under the contract, the plaintiff was entitled to recover, if the patent was of any value, and no imposition was practised by the plaintiff, and there had been no other failure of the conditions mentioned.

The opinion of the court was delivered by

REDFIELD, J. In regard to the written requests made by the counsel to the court, as to the mode of charging the jury, being made after the argument closed, when, of course, there could be no time for the court to examine them, we consider them out of time. In regard to all written requests, the court are never bound to regard them in their charge, unless they are couched in such terms as to be *sound* to the *full extent*. The fact that *some sound law* might be extracted from the requests, or that, in general terms, they may be sound law, with certain qualifications, is not enough. They must be wholly sound law, and without any necessary qualification, or it is not error for the court to refuse to charge as requested, even when made in proper time. But in order to this, they should be made when the argument is opened upon that side from which they come. We do not intend by this that the counsel may not, after the argument is closed, or even after the charge is closed, and before the jury retire, direct the attention of the court to the points upon which he wishes a charge, or a more specific charge, to be given; but if

the requests are to be specific, and detailed, the court should have time to consider them, before they are to be called upon to determine, categorically, how far the terms, in which another has seen fit to express the law upon the subject, are correct. A proposition, which at first glance might seem correct, or the reverse, on further deliberation might not thus appear. These things are usually accommodated between the court and counsel, so that these requests are received at any time during the argument. But as we are now called upon to determine when they should be given in, to be in time, we cannot say they should be deferred beyond the opening of the argument on either side. That is the time when briefs are required to be given to the court, and these written requests are more in the nature of a brief than any thing else; and as they are intended as briefs for the court, it is but reasonable the court should have time to become familiar with them, before they are called upon to speak from them.

But the truth is, these written arguments, in the way of requests, are but of little use. The court are bound to charge upon every point material to the decision of the case, upon which there is evidence, and to charge correctly and fully, whether requested or not. I do not recollect any case where this subject has been brought to the notice of the court, except that of *Stanton* v. *Bannister*, 2 Vt. 464. The decision there is, that it is not in time to request a charge upon a new point, after the court have closed their remarks to the jury, and submitted the cause. That, in principle, is the same we now decide. For if the court are not required to receive these requests after the charge is closed, no more should they be after the argument is closed, and when no time remains to examine and incorporate them with the charge. The same rule, which we have above laid down, is substantially the one which obtains in the first circuit of the United State's courts. *United States* v. *Gibert et al.*, 2 Sumner 19.

But in the present case, although the court wholly disregarded the requests, in their charge, the time when they were offered does not seem to be very important, as the defendant clearly was not entitled to any such charge as he requested.

This action is assumpsit for the agreed price of a patent, called " Vaughan's Patent Balance." The contract was in writing, and

had annexed to the sale the following, condition : "If there should be any defect in said *patent*, whereby all its privileges cannot be enforced, or if there shall be any other invention so nearly like it as materially to affect the value of the same, now in the patent office; *or if there should be any other defect whatever*, the above contract is to be void." We are now called upon to decide the legal import of this condition, in order to determine how far the defendant was entitled to a charge, such as he requested. The request is, that the court charge the jury, " that any increased liability to get out of repair in this over other scales in use, or any increased difficulty in the use of said scales, requiring more care or skill in the persons using them, would be defects, either of which would avoid the contract."

Now it is obvious, we think, for two reasons, that the condition of the contract had reference to no such defects, as those alluded to in the requests above.

1. It is hardly supposable that the general expression, " or if there should be any other defect whatever," could have been intended to include all possible defects *in the machine*. That would be to stipulate that the machine should be perfect, which is impossible; and such a stipulation would render the contract void on its face, which would be absurd. If, then, it does not extend to all defects, to what defects does it extend? This brings us to the second reason.

2. That this general expression must be confined to the same class of defects before enumerated. The expression, any *other* defect, pre-supposes that some defects had been already enumerated, and that this sweeping expression had reference to the same *class* of defects. The other defects, by reference to the contract, were all defects in the *patent*, and not in the *machine*. This expression, then, clearly was intended to include all possible defects in the patent, and nothing more.

In deciding the case nothing has been said in regard to the court's omitting to charge upon the defendant's evidence as to the patent being of no value. The charge given upon this point was correct. If the plaintiff was guilty of no fraud, and the defendant received what he contracted for, he cannot complain ;—nor could he reduce the amount of the stipulated price, unless there had been a warranty,

and a breach of it. And it is now well settled, I apprehend, that in an action for the price of a thing sold, the defendant cannot defeat wholly the recovery, unless there was fraud in the sale, or an express reservation of the right of rescinding the contract by the defendant, and this had been exercised according to the terms of the reservation. WASHINGTON, J., in *Thornton* v. *Wynn,* 12 Wheaton 183. *Street* v. *Blay,* 2 B. & Ad. 456, [22 Eng. C. L. 122.] This latter case is a very well considered one, and contains a very elaborate opinion by Lord Tenderden, and one, in my judgment, very satisfactory.                                         Judgment affirmed.