## Johnson *versus* Knowlton & als.

To assumpsit for services, a report rendered upon a common law submission of all demands, and awarding that nothing was due from either of the parties to the other, is a valid defence.

In such a case, testimony offered by the plaintiff to show, that the services were performed at an agreed price and upon a contract with the defendants, and also to show that an account in favor of the plaintiff and his co-partner for similar services, was not laid before the arbitrators, may be rightfully excluded by the Judge, as having no tendency to prove that the claim in suit was not embraced in the award.

The plaintiff submitted his claims, and the plaintiff and his co-partner submitted their joint claims against the defendants to arbitrators, who heard and acted upon both cases at the same session. The defendants introduced a receipt and an order against the plaintiff. *Held*, that the Judge rightfully excluded testimony, offered by the plaintiff to show, that to himself and partner there was due a large sum from the defendants, though the object of the testimony was to satisfy the jury, that the receipt and order had been applied by the arbitrators in payment of that *company* claim.

A Judge cannot be required to instruct the jury that they may, from a *selected part* of the evidence, infer any matter of fact involved in the issue.

On Report from *Nisi Prius*, Wells, J., presiding.

Assumpsit for services and expenses in driving the defendants' logs upon the Sandy river.

The plaintiff and one Ingham were co-partners. By a submission at the common law the co-partnership and the defendants, and by another like submission, Ingham and the defendants, and by another like submission, the plaintiff and the defendants referred all their demands to arbitrators, who heard and acted upon all the cases at the same session. In the last named case they awarded, that nothing was due from either party to the other.

The services and expenditures, sued for in this action were rendered before the submissions were entered into. On the trial under the submission between the plaintiff and themselves, the defendants introduced a receipt and an order signed by the plaintiff. These papers were marked B. & C. The paper E., referred to in the opinion of the Court, was signed by the plaintiff, by Ingham and by all the defendants, in which it was agreed, that they each should lay before the arbitrators their "several accounts for running, driving and marking the lumber."

At the hearing before the arbitrators, it was admitted by the defendants, that the services sued for had been performed and expenses incurred, to the amount in the whole of $1053,69, but they at the same time asserted, that the prices were too high, and that in the whole business, the plaintiff and the defendants were co-partners.

The defendants introduced and relied upon the award rendered upon the submission between the plaintiff and themselves.

The plaintiff contended, that the account now sued was not laid before the arbitrators or considered by them. To show that fact, he offered evidence, "that no claim was presented before the arbitrators *in favor of Ingham and the plaintiff* against the defendants for running or driving the lumber, and that the labor performed by the plaintiff was upon hire by the day, and that the money paid out in expenses was by contract with the defendants;" and contended, that such evidence, taken in connection with the awards, shows that the demand in suit was not adjudicated upon by the referees. The Judge however excluded the evidence.

The plaintiff offered evidence, that there was due to himself and Ingham $1400, for hauling the lumber.

This evidence was offered for the purpose of showing that the papers B and C were applied by the arbitrators to that debt. But the Judge excluded it.

The plaintiff requested the Judge to rule, "*that* the evidence shows that all matters submitted to the arbitrators were not adjudicated upon by them; *that* the award on that account was void; and *that* the fact, that so large an amount was admitted to have been due to the plaintiff from the defendants, and the fact that the referees awarded nothing to be due to the plaintiff, furnish evidence, from which the jury might infer such a degree of partiality on the part of the referees as would render the award void." This request was refused.

Whereupon it was agreed that the case should be reported for the consideration of the full Court, and if it be their opinion that the ruling of the Judge was correct, the "plaintiff is to become nonsuit; but if the Court should be of opinion that the ruling of the Judge was not correct, the action is to stand for trial."

*Webster*, for the plaintiff.

*Cutler*, for the defendants.

SHEPLEY, C. J. — This suit appears to have been commenced to recover compensation for services performed and money expended for floating logs in Sandy river. It is stated in the report of the case to have been admitted before arbitrators, that the services had been performed and the expenditures made by the plaintiff; and that the only objections made to his account were, that the price charged for services was too high, and that he and the defendants were co-partners.

In defence it appeared, that the plaintiff and defendants executed mutual bonds on February 23, 1852, containing recitals, that differences had arisen between the parties concerning the purchase of certain timber lands, "and a lum-

bering operation upon the same, including the running the
lumber and all other demands and incidental expenses grow-
ing out of the entire operation;" and by which the parties
"agreed to submit and refer the said differences and all other
demands between the said parties of whatsoever nature" to
three persons as arbitrators, who after hearing the parties,
made their award in writing on April 10, 1852, by which
they determined, "that neither of said parties is indebted to
the other."

It appeared, that other arbitration bonds were executed on
the same day between the plaintiff and David Ingham of the
one part and the defendants of the other part, and between
David Ingham of the one part and the defendants of the
other part; and that their respective claims were submitted
to the decision of the same arbitrators; and that they were
all heard during the same session of the arbitrators, who at
that time made an award in each of the three cases.

The plaintiff's counsel at the trial of this case insisted,
"that the awards were all to be taken together and might ex-
plain each other;" and testimony was "offered to prove, that
no claim at said hearing was presented in favor of David
Ingham and said plaintiff for running or driving the lumber
in the Sandy river, and that the labor performed by plain-
tiff was upon hire by the day, and money paid out and ex-
penses incurred in driving said lumber was by contract with
defendants," "which evidence was ruled out by the Court."

. It does not appear, that the presiding Judge expressed any
opinion upon the positions asserted by the counsel further
than to exclude the testimony offered ; and the decision ac-
cording to the conclusion of the report must be made upon
the correctness of the rulings at the trial.

The testimony, offered to prove that the plaintiff and Ing-
ham did not present to the arbitrators any claim for running
lumber, could have no tendency to prove, that the plaintiff's
claim for such services was not fully and fairly considered and
decided by the arbitrators.   Nor would the testimony offered
to prove, that the plaintiff performed his labor "upon hire by

the day," and that "the money paid out and expenses incurred was by contract with the defendants," have any such tendency. This might all be true and yet upon a full and impartial hearing he might not be entitled to recover any thing from the defendants. For it appears, that they contended, that he was a partner with them in the business; and the report states, that "other accounts were presented as partnership accounts."

The paper E, subscribed by all the parties concerned in the three awards and bearing date on February 22, 1852, also admits that they all had accounts "for running, driving and marking the lumber." It does not therefore follow, that any injustice was done to the plaintiff or that his claims were not fully considered and decided, because the defendants were not found to be indebted to him, although no claim was presented by him and Ingham jointly for like services.

The plaintiff also "offered evidence to prove, that there was due plaintiff and Ingham for hauling the timber, for driving which this action is brought, the amount of $1400, for the purpose of showing, that the papers marked B and C were applicable to that debt, which evidence was rejected by the Court." The papers referred to were of no importance to the defence, which rested upon the conclusiveness of the award.

Testimony to prove, that they ought not to be allowed in this suit in set-off could have no influence to relieve the plaintiff's claim from the effect of the award upon it.

The testimony offered and not received, having no tendency to prove, that the plaintiff's claim was not considered and decided by the arbitrators without partiality or fraud was properly excluded.

The presiding Judge was requested "to rule that the evidence introduced shew, that all matters submitted to arbitrators were not adjudicated upon by them, and that the award on that account was void." Without objecting that this required the Court to decide a matter of fact, it may be ob-

served, that no testimony has been noticed or pointed out authorizing the Court to come to such a conclusion.

The Judge was further requested to rule, " that the fact of so large an account being admitted to be due to the plaintiff from the defendants, as aforesaid, and the referees awarding, that nothing was due the plaintiff from defendants, furnish evidence, from which the jury might infer such a degree of partiality on the part of the referees as would render the award void," which ruling the Court refused.

A fatal objection to a compliance with this request is, that it would authorize the jury to decide the case upon a part and not upon the whole of the testimony introduced.

It is quite apparent also, that the arbitrators might have conducted with perfect fairness and impartiality, without finding any thing due to the plaintiff on an account for services admitted to have been performed, by finding that he was a partner with the defendants, and that upon a fair adjustment of all the partnership concerns the defendants were not indebted to him.                                        *Plaintiff nonsuit.*

TENNEY, HOWARD and APPLETON, J. J., concurred.