## CHARLES B. WHITCOMB v. THE TOWN OF FAIRLEE.

*Evidence. Charge to the Jury. Practice. Highways.*

The defendant claimed that the plaintiff drove off the bank wall of the highway in question designedly, for the purpose of obtaining damages of the town, and to establish this defense, called Mrs. B. as a witness who testified to parts of conversations she had overheard between the plaintiff and her husband, in none of which the plaintiff in terms alluded to the injury. The court among other things told the jury "that if the witness did not hear the whole conversations but only some isolated remarks that might or might not apply to this transaction, her testimony would be of less weight in making out the defense than if the witness heard the whole conversations, and knew they had reference to this transaction; that in order to make it evidence, the jury must be satisfied that it had reference to this transaction, so that all the witness has testified to, even if true, would not necessarily defeat the plaintiff of the right to recover." *Held* that in this there was no error.

The court instructed the jury in regard to Mrs. B.'s testimony that in order to make it evidence "the jury must be satisfied that it had reference to this transaction" The defendant complained that this part of the charge was argumentative and would naturally lead the jury to conclude that the court thought the conversation did not relate to this transaction. *Held* that the charge was not open to this objection.

If the court had told the jury that all Mrs. B. testified to, even if true, and if it related to the transaction resulting in the injury complained of, would not necessarily defeat the plaintiff's right to recover, it would not have been error.

If the jury believed the plaintiff made the statements sworn to by Mrs. B., and they related to the way in which the injury occurred, they would detract from the credibility of the plaintiff's testimony, but not necessarily defeat his right to recover, nor necessarily show that the injury did not happen in the manner he claimed.

It is not the duty of the court in their charge to the jury to illustrate a general proposition of law in every conceivable way, or in any particular manner, unless especially requested so to do. It is enough if the illustration given do not inculcate any false principle.

The plaintiff's evidence tended to show a case of injury arising from the combined result of an accident and the insufficiency of the highway, and it was the duty of the court to state to the jury the general principles governing such a case, and to illustrate them sufficiently to enable the jury to understand their proper application to the case on trial.

CASE to recover for an injury to the plaintiff and his team caused by the alleged insufficiency of a highway. Plea, the general issue, and trial by jury at the June term, 1870, PECK, J., presiding. Verdict for the plaintiff, and exceptions by the defendant.

The insufficiency complained of was the want of a muniment for the side of the travelled track of the road in question next to a perpendicular bank wall four feet and four inches in depth, to keep travellers from driving off the bank.

The defendant claimed that the testimony of Mrs. Boyd, referred to in the opinion of the court, tended to prove a pre-conceived plan on the part of the plaintiff to run off the bank in question for the purpose of recovering damages from the defendant town.

The court, among other things, told the jury that in determining whether the road was reasonably safe without a muniment there, it was to be considered that towns in constructing their highways and performing their duty to make them reasonably safe for travel, are bound to take into consideration such accidents as may reasonably be expected to happen occasionally; such accidents as travellers are occasionally exposed to on the highway; and to construct their roads so as to reasonably provide against the consequences; therefore it was not necessarily sufficient to show that here was a track broad enough for teams to pass along safely if they kept in the travelled track; that does not necessarily show that the road was reasonably safe; that it was not to be expected that every thing would always go smoothly with every traveller, and that an injury might happen partly from the insufficiency of a highway and partly from accident, for which the town would be liable if no imprudence or want of care on the part of the plaintiff contributed to the accident or injury. The court also gave to the jury some illustrations of injuries arising partly from accident and partly from the insufficiency of a highway; and as one illustration or instance, told the jury that "it had been decided that where a man was travelling the highway with a horse and wagon and something gave way in the wagon in consequence of a nut coming off so that the horse could not guide the wagon and it turned off down an embankment, the town was liable notwithstanding the man would have gone along well enough if nothing about his wagon had given way, and that it was upon the principle that towns must guard against and take into consideration the accidents that travellers are exposed to, and in constructing, maintaining and keeping their highways in repair, must guard against them with reasonable prudence and care."

The defendant excepted to that part of the charge containing the illustration.

The other facts in the case are sufficiently stated in the opinion of the court.

*Roswell Farnham, Dickey & Gambell*, for the defendant.

*Hebards*, for the plaintiff.

The opinion of the court was delivered by

Ross, J. The plaintiff claims to recover for an injury to himself and team, occasioned by driving, in the dark, over a perpendicular bank wall at the side of the highway, upon which there was no muniment. The defendant claims that the plaintiff drove off the wall designedly, for the purpose of obtaining damages of the town, and to establish this defense introduced as a witness a Mrs. Boyd, who testified to parts of conversations she had overheard between the plaintiff and her husband, and to conversations which she had had with the plaintiff. In none of these conversations did the plaintiff in terms allude to the injury, and their relation to it could only be inferred. "The court told the jury that if the plaintiff drove off by design, the plaintiff could not recover ; that whether the fact was so or not was a question of fact for the jury to decide from the weight of the evidence, and alluded to the testimony of Mrs. Boyd, and told the jury that if the witness did not hear the whole conversation, but only some isolated remarks of a character that might apply to this transaction and might apply to something else, it would be of less weight in making out the defense than if the witness heard the whole conversation and knew that it had reference to this transaction ; that in order to make it evidence, the jury must be satisfied that it had reference to this transaction, so that all the witness has testified to, even if true, would not necessarily defeat the plaintiff of the right to recover here ; it would not necessarily show that this injury did not happen in the manner the plaintiff claimed." To the instruction of the court as to the effect of Mrs. Boyd's testimony, if believed to be true, the defendant excepted. If the conversations to which Mrs. Boyd testified did not refer to the transaction resulting in the plaintiff's injury, her testimony was wholly immaterial, and, although true, had no tendency to prove the defense relied upon. This is substantially what the court told the jury. The court instructed the jury in regard to this testimony, " that in order to make it evidence the jury must be satisfied that it had reference to this transaction." Of this part of the charge the defendant makes no complaint, except that it is argumentative, and would naturally lead the jury to conclude that the

court thought the conversations did not relate to this transaction. We think the charge is not open to this objection. Under the testimony as detailed, if the court had omitted to call the attention of the jury to the fact, that they must be satisfied that the conversations related to the transaction resulting in the plaintiff's injury, in order to make them evidence for the defendant, the plaintiff could have justly complained. The last part of the charge is clearly connected to what immediately precedes, by the words " so that," and so confined to the one view the court was then presenting that what follows could not well mislead the jury. When the court proceeded to say, " so that all the witness has testified to, even if true, would not necessarily defeat the plaintiff of his right to recover," it in effect but said to the jury, that this testimony would not necessarily defeat the plaintiff's right to recover, for the reason they might not be satisfied the conversations related to the subject matter of this suit at all, and in that event would be no evidence that the plaintiff drove designedly over the bank wall. We think this is the only reasonable construction that can be placed upon this portion of the charge, and that it is sufficiently clear and explicit, so that the jury ought not to have been misled by it. But if this portion of the charge would bear the construction claimed by the defendant's counsel, that is, if the court had told the jury that all the witness had testified to, even if true, and if it related to the transaction resulting in the injury complained of, would not necessarily defeat the plaintiff's right to recover, we think there would have been no error. The plaintiff had introduced testimony, either his own or that of others, tending to show that the injury resulted from the insufficiency of the highway without any fault on his part. The testimony of Mrs. Boyd, in the view of the charge, only detailed what the plaintiff had said when not under oath in reference to the same matter. The jury were not bound to believe the plaintiff's statements, when not under oath, in preference to those he had made in court with the obligations of an oath resting upon him. If the jury believed the plaintiff made the statements, and they related to the way in which the injury occurred, they would detract from the credibility of the plaintiff's testimony, but not nec-

essarily defeat his right to recover, nor necessarily show that the injury did not happen in the manner he claimed. The jury might, even then, have found that the plaintiff had established his right of recovery by a fair balance of testimony. Placing either construction upon this portion of the charge, it cannot be said to contain erroneous instruction upon the evidence in the case.

The illustration which the court gave the jury, among others, of the liability of towns for injuries arising partly from accident and partly from the insufficiency of the highway, and to which the defendant took exception, was a substantial statement of ·the circumstances in the case of *Hunt & wife* v. *Pownal,* 9 Vt., 411. It is not claimed that the illustration put by the court was unsound, as applicable to that case, but that that case was not exactly analogous to this case, and therefore the illustration might mislead the jury. It is urged that the court ought to have given other illustrations of cases in which towns have not been held liable for injuries happening by reason of the traveler's passing beyond the limits of the traveled track. If this were necessary, we are not informed by the exceptions that the court did not give such illustrations among the others given, but not detailed, in the exceptions. Nor do we hold it to be the duty of the court to illustrate a general proposition of law, correctly stated, in every conceivable way, or in any particular manner, unless specially requested so to do. It is enough if the illustrations given do not inculcate any false principle. The court did not pretend, nor could the jury fairly have so understood the instruction of the court, that the illustration was identical in every particular with the case on trial. The plaintiff's evidence tended to show a case of injury arising from the combined result of an accident and the insufficiency of the highway, and it was the duty of the court to state to the jury the general principles governing such a case, and to illustrate them sufficiently to enable the jury to understand their proper application to the case on trial. This the court did. If the jury have been misled by illustrations drawn from decided cases, we think the defendant must charge it to a want of capacity in the jury rather than error in the instructions of the court.

Judgment affirmed.