## LEAVITT *v.* FLETCHER.

Requested instructions to the jury are properly refused, if a verdict for the party requesting them could not be sustained upon them.

It is no defence to an action to recover the price of a horse, that there was a breach of warranty or deceit in the sale, in a matter equally open to both parties. In such cases, the maxim *caveat emptor* applies.

ASSUMPSIT, against a surviving partner of Fletcher & Royce. May 12, 1879, the plaintiff had a black horse at Manchester, and his claim was that on that day he made a contract with Royce, a member (now deceased) of the firm of Fletcher & Royce, by which the firm were either to give the plaintiff for his horse $225 in money, or a certain brown horse and $100, or send the black horse to the plaintiff at Portsmouth by railroad the next day, May 13. The defendant denied that any such contract was made, and claimed that the only agreement made by Royce was to deliver the black horse at C.'s stable in Portsmouth by Wednesday, May 14. On Wednesday the black horse was driven from Manchester to Portsmouth, and left at C.'s stable; but the plaintiff refused to receive it, claiming that Royce had bought it, and that it had been injured by being driven from Manchester to Portsmouth. It was afterwards sold by C. on a lien for its keeping. The plaintiff represented that the horse was sound, and told Royce that he would warrant it sound. The horse had a bunch or enlargement on one of his hind legs, which some of the witnesses testified was a defect or unsoundness known as a curb. Immediately after the parties separated, at the time of the alleged agreement of sale or exchange, the attention of Royce was called to the horse's leg, and he was told by one of the witnesses that the horse had a curb, and was not sound.

One of the instructions given the jury was, that if there was no such contract as the plaintiff asserted, the title of the horse did not pass from the plaintiff, and he could not maintain this action; that if the contract asserted by him was made, he was entitled to a verdict for the value of the horse. No exception was taken to the charge, but the defendant excepted to the refusal of the court to instruct the jury that if there was any contract, conditional or otherwise, as claimed by the plaintiff, and that contract was made upon the statement of the plaintiff that the horse was sound, and the jury find he was not sound, the defendant is not bound by the contract. Verdict for the plaintiff for $190.

*Briggs & Huse*, for the defendant.

Upon the plaintiff's warranty of soundness, if the horse was unsound the defendant had a right to rescind, as he did by returning it within a reasonable time.

*Page* and *Frink*, for the plaintiff.

STANLEY, J.  The defendant agreed to pay for the horse, or return it the next day.  He did not return it.  He was therefore bound by his agreement to pay for it, unless, for sufficient cause, he rescinded it, and returned the horse within a reasonable time in substantially the same condition it was in when he received it. Whether it was then in the same condition, was a question raised in the case.  This was one of the essential elements of recision, and was excluded by the instructions requested.  They were therefore properly refused.  Under the instructions requested, the jury would have been erroneously required to find for the defendant whether there was any rescission and return or not.  If they had been given without material qualification, a verdict for the defendant must have been set aside.

They were properly refused on another ground.  There was, so far as appears, no evidence of unsoundness except the bunch upon the leg, to which the attention of Royce was called.  There was no evidence that the plaintiff attempted to conceal it, or that its existence was not equally open to both parties ; and this being the case, the defendant could not rely upon the plaintiff's warranty. *Hanson* v. *Edgerly*, 29 N. H. 343, 352 ; 2 Kent Com. 483.  If the plaintiff's representation did not amount to a warranty,—if they went no further than to furnish the foundation for an action on the case for deceit,—they would not be a bar to the plaintiff's recovery ; for the deceit, if any, consisted in the representation as true of facts which were equally open to both parties.  In such cases the maxim *caveat emptor* applies.  *Hanson* v. *Edgerly, supra ; Page* v. *Parker*, 40 N. H. 71 ; Big. Fr. 3, 30, 64, 87.  The instructions requested omitted the qualification that the defendant had not equal means of knowledge.  Without this qualification they contained an erroneous statement of the law, and presenting, as they did, a partial and incorrect statement of the law applicable to the case, were properly refused.  *Marshall* v. *Oakes*, 51 Me. 308 ; *Sawyer* v. *E. S. Co.*, 46 Me. 400 ; *Darby* v. *Hayford*, 56 Me. 246 ; *White* v. *Jordan*, 27 Me. 370 ; *Johnson* v. *Knowlton*, 35 Me. 467 ; *Vaughan* v. *Porter*, 16 Vt. 266 ; *Underwood* v. *Hart*, 23 Vt. 120 ; *Thornton* v. *Thornton*, 39 Vt. 122 ; *Stowe* v. *Heywood*, 7 Allen 118 ; *Beers* v. *H. Railroad*, 19 Conn. 570 ; *Marlborough* v. *Sisson*, 23 Conn. 54 ; *Doughty* v. *Hope*, 1 N. Y. 79 ; *I. & S. L. Railroad* v. *Horst*, 93 U. S. 291 ; *Ordway* v. *Sanders*, 58 N. H. 132.

*Judgment on the verdict.*

CLARK, J., did not sit: the others concurred.