BELKNAP.

## RUBLEE *v.* BELMONT.

When the legal principle governing a case is fully stated in general instruc-
tions given to the jury, and each party has an opportunity in argument
to apply it to his view of the facts, it is not error of law for the court to
refuse to give instructions on its application to particular evidence.

CASE, for injury upon a highway.   Verdict for the plaintiff.
The defect complained of was the want of a railing.   The jury
were instructed that if they found the highway, at the time and
place of the accident, was reasonably safe and suitable for the
travel thereon, or if not, that the defects and insufficiencies therein
did not cause the accident, their verdict would be for the defend-
ants ; but if they found it was not reasonably safe and suitable for
the travel thereon, and that the defects and insufficiencies caused.
the accident, they would then take up the question whether the
plaintiff was in fault.   The defendants excepted to the refusal of
the court to give the following instructions : " If the jury find that.
the horse did not fall in consequence of any fault of the town, but
that the highway was defective by reason of the lack of a suitable
railing  and the plaintiff was injured thereby, and is not precluded
from recovering a verdict by contributory negligence (according
to the definition of contributory negligence the court will give),
then the jury must determine whether the plaintiff would have
been injured if there had been a suitable railing.   And if they find
that her injuries would have been as great, or greater, had there
been a suitable railing, then the plaintiff cannot recover."

*Pike & Parsons* and *E. A. Hibbard*, for the defendants.

*Chase & Streeter* and *T. J. Whipple*, for the plaintiff.

STANLEY, J.   The legal principle governing the first point of
the case was fully stated in the general instructions.   Each party
had an opportunity in argument to apply it to his view of the
facts, and it was not error of law for the court to refuse to give
instructions on its application to particular evidence.   *P. M. L.
Ins. Co.* v. *Clark*, 59 N. H. 345 ; *Fogg* v. *Moulton*, 59 N. H. 499 ;
*Ordway* v. *Sanders*, 58 N. H. 132 ; *Spalding* v. *Brooks*, 58 N. H.
224 ; *White* v. *Jordan*, 27 Me. 370 ; *Johnson* v. *Knowlton*, 35 Me.
467 ; *Sawyer* v. *Steamboat Co.*, 46 Me. 400 ; *Darby* v. *Hayford*,
56 Me. 246 ; *Thornton* v. *Thornton*, 39 Vt. 122 ; *Whitcomb* v.
*Fairlee*, 43 Vt. 671 ; *Durgin* v. *Danville*, 47 Vt. 95.   The sub-

stance of the requested charge was given, and it is no ground of exception that it was not repeated, or that a particular form of expression was not used. *Walcott* v. *Keith*, 22 N. H. 197 ; *Tucker* v. *Peaslee*, 36 N. H. 167, 178.

*Judgment on the verdict.*

CARPENTER, J., did not sit: the others concurred.