## DENNIS DONAHUE AND ANOTHER v. THE WINDSOR COUNTY M. FIRE INS. CO.

*Insurance.    Notice.    Proofs of Loss.    Conditions Precedent.*

1. Compliance as to giving notice and furnishing proofs of loss, is a condition precedent to recovery, when the loss is not payable until after such notice is given, &c.; and such compliance must be alleged and proved; and a want of such allegations and proof can be taken advantage of under the general issue.
2. NOTICE "FORTHWITH." One required to give notice of loss "forthwith" must give such notice with due diligence and within a reasonable time. And although the notice was given twenty-two days after the fire, it was held to be a question for the jury, whether given forthwith.
3. CHARGE. A party is entitled to such a charge as the facts in the case require, and the court is bound to so charge whether specifically requested to do so or not; thus, when the question of notice was in issue, it was error to ignore it, and merely to charge that the plaintiff by showing the proofs of loss, etc., had made out a *prima facie* case.

Donahue *v.* Insurance Co.

4. WAIVER. Waiver is an intentional relinquishment of a known right. The intent is a matter of fact.
5. ESTOPPEL. The company by refusing to adjust the loss, and by remaining silent, is not estopped from setting up as a defence want of timely notice, as it is not a case where a defect, if pointed out, could be remedied.
6. AFFIDAVIT. The affidavit as to the loss is held sufficient, as it was received without objection, and the company defended on other grounds. It was not necessary to state that there was no other insurance, when there was none.
7. SUIT PREMATURE. The suit was brought within the time (three months) in which the company had to settle and pay the loss. *Held*, premature, if the company merely neglected to act in the matter, instead of repudiating the contract and rejecting the loss, after acting upon the claim.

ASSUMPSIT on a policy of insurance. Pleas, general issue, special pleas, replication and rejoinder. Trial by jury, March Term, 1881, Washington County, Powers, J., presiding. Judgment for the plaintiff.

The plaintiffs gave evidence tending to prove that the plaintiff Donahue cut a quantity of hay on the Hurley farm, in Berlin, and put it in a bay and on a scaffold in the barn on said farm, during the haying season of 1879; that one Fisk cut another quantity of hay on said farm during said season, and put the same in part in a shed adjoining and built on to one end of the barn, and also put some of said hay upon a scaffold in said barn; that shortly before the date of said application for insurance, Fisk sold his interest in said hay to the plaintiff Mullaly. The plaintiffs also gave evidence tending to show that they owned said hay jointly, that after the same was cut and put in the barn they estimated that each owned about the same amount, and they agreed that either might sell from the hay indiscriminately and the proceeds of sales should be equally divided.

AFFIDAVIT.

"STATE OF VERMONT, }
WASHINGTON COUNTY. }

We, the undersigned, insured in the Windsor County Mutual Fire Insurance Company, in policy No. 25,956 on produce in Berlin, Vermont, in barn owned by Mrs. Mary Hurley, declare that on the night of September 24, A. D. 1879, we were the joint owners of a certain quantity of hay, situated in said barn and covered by said policy of insurance, estimated in amount to be twenty-five and one-half tons. And on the night of said day said barn was consumed by

Donahue *v.* Insurance Co.

fire and said hay was burnt, estimated to be worth one hundred and eighty dollars at the price insured for, and we claim pay for said hay from said company.

Northfield, Oct. 16, 1879." . (Signed and sworn to.)

The other facts are sufficiently stated in the opinion.

*French & Southgate* for the defendant.

The requirement as to giving notice was not complied with. Giving notice 22 days after the fire is not giving notice *forthwith*. Giving such notice and the filing of such affidavit are conditions precedent, and must be strictly complied with. *Worsley* v. *Wood*, 6 Term, 710; *Inman* v. *The Western F. Ins. Co.*, 12 Wend. 452. "Forthwith" means immediately, without delay, directly. Notice given in 38 days after the fire is not given "forthwith": *Inman* v. *The Western F. Ins. Co.*, *supra*; nor, in 11 days: *Trask* v. *State F. Ins. Co.*, 29 Penn St. 198 (4 Bennett 331); nor, in 18 days: *Edwards* v. *Lycoming M. F. Ins. Co.*, 75 Penn. St. 378 (5 Bennett 564); nor, in 20 days: *Whitehurst* v. *N. C. M. Ins. Co.*, 7 Jones Law, 436 (4 Bennett 482); nor, in 6 days: *Railway P. A. Co.* v. *Burwell*, 44 Ind. 460. See *Hovey* v. *Am. M. Ins. Co.*, 2 Duer, 554; *Beatty* v. *Lycoming M. F. Ins. Co.*, 66 Penn. St. 9 (5 Bennett 101); *Woodfin* v. *Ins. Co.*, 6 Jones Law, 558.

Where the facts are undisputed it is a question of law, and not for the jury. *Roth* v. *R. R. Co.*, 34 N. Y. 548; *Hedges* v. *R. R. Co.*, 49 N. Y. 223; *Wilbeck* v. *Holland*, 45 N. Y. 13; *Hine* v. *Nichols*, Dig. 356.

The doctrine of implied waiver does not apply to a defect in the time of giving the notice; it has been applied only to the terms and manner of the notice. In case of want of notice no intimation or objection by the company could remedy it. The party has lost all claim by his own laches. *Patrick* v. *Farmers' Ins. Co.*, 43 N. H. 621; *St. Louis Ins. Co.* v. *Kyle*, 11 Mo. 278 (2 Bennett, 641); *Edwards* v. *Ins. Co.*, 3 Gill, 176 (2 Bennett, 415); *Underwood* v. *Ins. Co.*, 57 N. Y. 500; *Brink* v. *Ins. Co.*, 70 N. Y. 593; Wood, 699, 706. The suit was premature *Dutton* v. *Vt. M. F. Ins. Co.*, 17 Vt. 369; *Williams* v. *Vt. M.*

*F. Ins. Co.*, 20 Vt. 222; *Bartlett* v. *Ins. Co.*, 46 Me. 500; *Nevens* v. *Ins. Co.*, 5 Foster, 22.

*Heath & Carleton*, for the plaintiffs.

Notice "forthwith" is notice within a reasonable time under all the circumstances. *Peoria Ins. Co.* v. *Lewis*, 18 Ill. 553; *Edwards* v. *Ins. Co.*, 3 Gill, 176; *Provident Life Ins. Co.* v. *Baum*, 29 Ind. 236; *Knickerbocker Ins. Co.* v. *Gould*, 80 Ill. 388. Such notice may be waived. *Phillips* v. *Ins. Co.*, 14 Mo. 220. The affidavit was sufficient. *Catlin* v. *Springfield Ins. Co.*, 1 Sumner, C. C. 434. But the defendants are estopped from setting up such defects in the notice as a defence to the action, from the fact that the notice was seasonably delivered, and retained by the company without question or objection, the case showing that the company defends upon other grounds and refused to adjust the loss. If there are any defects in such notice they were waived by the defendants. *Bosch* v. *Ins. Co.*, 35 N. J. L. 429; *Walker* v. *Ins. Co.*, 56 Me. 371; *Patterson* v. *Ins. Co.*, 64 Me. 500; *Bartlett* v. *Ins. Co.*, 46 Me. 500; *Clark* v. *Ins. Co.*, 6 Cush. 342. The suit was not premature. *Phillips* v. *Ins. Co.*, 14 Mo., 220; 25 N. H. 22; 4 Met. 212; 14 Rep. 506.

The opinion of the court was delivered by

TAFT, J. The exceptions insisted upon by the defendant, are those taken to the refusal of the court to direct a verdict, and the charge of the court in respect to notice, proofs of loss, and the time of commencing the action.

All others are waived.

The motion to direct a verdict, so far as pertinent, was as follows:

" We ask the court to direct a verdict for defendant, because:

I. No notice in writing was forthwith after the fire given to the defendant's office, as required by s. 1, Art. 7, of the defendant's by-laws.

The only notice given by the plaintiffs was their affidavit dated October 16, 1879.

The by-laws require a notice in writing *immediately*, and also within 30 days file an affidavit stating particularly the loss, etc.

II.    The affidavit filed October 16, 1879, is insufficient :

1st.    It does not state in what manner the fire originated, or how it was supposed to originate, or any facts about the fire which would aid the defendant in its investigation about the same, which was the object of said by-law.

2d.    The affidavit does not state whether the plaintiffs had effected any other insurance on said property, as required by said by-law.

\*          \*          \*          \*          \*          \*          \*          \*          \*

4th.    We ask that the court direct a verdict for defendant, or non-suit, because this action was prematurely brought.

By the amended charter of 1842, the amount of the loss would not be payable until August, 1880.    Plaintiffs would be entitled only to an order, on interest, after three months from the time of notice.

The suit should have been for the order, after the three months, but was brought before the three months expired."

The contract was made subject to the by-laws of the company, and what was required of a party sustaining a loss, is contained in s. 1, art. 7, and reads as follows :

" Any person who claims remuneration for a loss by fire, shall forthwith give notice thereof, in writing, to the office, and within thirty days after said fire, shall file in the office a particular account of such loss or damage, signed with his hand, and verified by oath, and, if required, by his books and other vouchers.    He shall also declare, on oath, what other insurance, if any, has been effected on the same property, and whether he was the owner of the property at the time of the loss."

By this section, two things are required from a party suffering

a loss,—notice in writing to be given the office forthwith, and an account of the loss within thirty days.

The loss was payable by the terms of the charter in three months after notice of the fire was given the company. It is undoubted law that a compliance with such requirements as to notice and proofs of loss are conditions precedent to a right of recovery. The giving of notice or furnishing proofs of loss are conditions precedent whenever made so by the terms of the contract or when the loss, as in this case, is not payable until after such notice, or proofs is given or furnished. They must be alleged and proven in any action on a policy containing them. The want of such allegations and proof can be taken advantage of under the general issue; it is not necessary to plead such defence specially. *Edgerly* v. *Farmers Ins. Co.*, 43 Iowa 587; *St. Louis Ins. Co.*, v. *Kyle*, 11 Mo. 278; *Inman* v. *Western, F. Ins. Co.*, 12 Wend. 452; *Columbian Ins. Co.* v. *Lawrence*, 10 Pet. 507; *Mason* v. *Harvey*, 8 Exch. 819.

The request that a verdict be directed, because "no notice in writing was forthwith after the fire given to the defendants office," as required by the section quoted, the plaintiffs insist, was properly refused, as it does not embody a sound legal proposition, for the reason that the plaintiffs were entitled to a reasonable time to give such notice, and and what was such time, was a question of fact for the jury, and therefore the defendant had no right to have the matter ruled upon as a question of law. It was conceded, that the property burned on the 24th day of September, 1879, and that the only notice of the loss given the defendants, was dated the 16th day of October afterwards, more than twenty-two days after the fire. The question was presented whether that was a compliance with the requirement as to notice, that it should be given forthwith. It is unnecessary to set forth the reasons of such a condition; they are patent to all; a delay of several days or weeks in giving notice, may obliterate all those traces of evil design in the insured which accompany fraudulent fires and render an investigation of their

causes, or the damages resulting from them, exceedingly difficult; the importance of prompt notice is too clear to require argument or illustration to prove it. The condition that the insured should give the company notice forthwith should be construed liberally in favor of the insured. He should give the notice with due diligence and within a reasonable time, without unnecessary delay, under all the circumstances of the case. *St. Louis Ins. Co.* v. *Kyle*, and *Inman*, v. *Ins. Co.*, *supra*; *Peoria M. & F. Ins. Co.* v. *Lewis*, 18 Ill., 553; *Niagara Fire Ins. Co.* v. *Scammon*, Ill., S. C., 11 *Ins. Law Jour.*, 614; *Phillips* v. *Protection Ins. Co.* 14 Mo., 220; *Edwards* v. *Baltimore Ins. Co.* 3 Gill, 176.

The question of whether a party has used due diligence or not in giving notice, has sometimes been held to be a question of law; particularly in those cases where all the facts and circumstances are admitted or established, as where they are conceded or shown by the pleadings. *Columbian Ins. Co.* v. *Lawrence*, *supra*. But upon a jury trial where such facts and circumstances are open for the ascertainment of a jury, we think it should be left to them to determine as a question of fact. The courts in this State have always adopted this rule in all questions of doubt depending upon a general inference from a multiplicity of particular facts, and where the law has fixed no rule; such are questions of due diligence, reasonable time, probable cause, etc. *Sessions* v. *Newport*, 23 Vt. 9. It may be a question of law law where the inference is one which admits of no doubt so that it will strike all minds alike. See also *Starkie on Ev.*, 451, note (*p.*) The Supreme Court of Connecticut in *Lockwood* v. *Ins. Co.*, 46 Conn. 553, say: "Extreme cases either way may be easily determined. Between them there is a wide belt of debatable ground, and cases falling within it are governed so much by the peculiar circumstances of each case that it is much better to determine the matter as a question of fact." Such being the rule, the defendant had no right to have the question passed upon as one of law, and his request was properly refused. But the refusal did not terminate the duty of the court in the matter. Whether the insured had given notice *forthwith*, was a

point material to the decision of the case; without proof of that fact the plaintiff could not recover. There was evidence upon that point, and it was the duty of the court to charge correctly and fully whether requested to do so or not. *Vaughan* v. *Porter*, 16 Vt. 266. A party is entitled to such a charge as the facts in the case require. *Hazard* v. *Smith*, 21 Vt. 123. The County Court is always bound to charge the jury according to the rules of law whether specifically requested so to do or not. REDFIELD, J., in *Buck v. Squires*, 23 Vt. 498; and see 16 Vt. 579; 28 Vt. 222; 39 Vt. 565; 40 Vt. 495.

The question whether the notice required was given forthwith, should have been submitted to the jury; but the point was ignored by the court, and no reference was made to it in the charge. The court seems to have made no distinction between the question of notice, and that of proofs of loss. The latter were delivered seasonably, as was conceded on trial, within the thirty days required by the by-laws. The company by receiving the proofs are not estopped from setting up want of notice; that the court excluded from the jury any consideration of the question of notice, and whether given forthwith, is shown by the charge when the jury were told, "Now then, the plaintiffs coming into court and producing the policy which is conceded to have been executed by the company, and showing the proofs of loss, and the value of the property, make out a *prima fácie* right to recover of the defendants," saying nothing of the question of notice, which as we have said was a condition precedent to a recovery. It was the duty of the court to have submitted the question to the jury; by ignoring it, the court in effect ruled upon it as a matter of law. It is said no exception was taken in the matter; but we think the defendant is entitled to have the question considered by this court under the exception "to the charge upon the subject matter of the requests." The error was not in what the court told the jury, but in its silence, and what the exception was, could not be made much clearer than taking it to the charge upon the subject-matter of the requests, one subject being, want of notice.

The plaintiffs claim in their brief that such notice may be waived; but a waiver is an intentional relinquishment of a known right. The existence of such an intent is a matter of fact. *First National Bank* v. *Hartford L. & A. Ins. Co.*, 45 Conn. 22; *Home Ins Co.* v. *Davis*, 98 Penn. 80; *Dey* v. *Martin* (Va.) 16 Rep. 443; but no question of waiver was brought into the case; had it been and found against the defendant there would have been no error in this point.

They further claim that having refused to adjust the loss, the defendant is estopped from setting up the defence of want of notice. The refusal to pay the loss may have been because the notice was not given in season, as was said by the court in *Phillips* v. *Protection Ins. Co.*, *supra*. "It might be that the importance of an earlier notice would be for the first time ascertained in the course of the investigations, and if it was then insisted on as a bar, we could hardly infer a previous waiver."

Suppose a person is required to give a notice in the month of September, but failing in that gives it in October following, what advantage would accrue to him to be then told that he is too late, or why should the company be estopped in contesting the loss, simply because they remained silent. As the court say in *Patrick* v. *Farmers' Ins. Co.*, 43 N. H. 621: "It is not at once seen how the assured could be benefited by a notice that he had failed to give information of his loss within the stipulated time, or how he could be prejudiced by the omission." Had the point been suggested and the insured distinctly told that notice of the loss was not in season, how could the defect have been remedied? They could not have given an earlier notice. The insured was not prejudiced and the insurer should not be deprived of a right clearly his by the contract. It is not like a case where a defect, if pointed out, can be remedied. In such a case good faith requires that it be done, and if not so pointed out, the company should be estopped from setting up such a defence.

II. The court refused to comply with all of the requests as to the affidavit, or proofs of loss, holding that the same were sufficient

in form, as the company received and retained them without question or objection, and the case showing that the company company defended upon other grouds.

All that was required in the proofs, was an account of the loss, damage, not of the fire; whether the insured was the owner of the property at the time of the loss, and what other insurance if any had been effected upon the property.

We think the affidavit complied with the by-law. It gives an account of the loss, twenty-five and one-half tons of hay; that the insured were the owners of it, and the estimated value of it.

The by-law does not require them to state that there was no other insurance, but if there was any, what it was.

The affidavit was sufficient both in form and substance, so that there is no occasion for passing upon the question of whether the company would be estopped by making no question or objection at the time of receiving them.

III. The court held that the action was rightly brought as the company refused to adjust the loss according to the charter and by-laws. Sec. 11 provides that "the director shall settle and pay all losses within three months after they shall have been notified."

The notice was dated on the 16th day of October. The exceptions do not show when the directors received it. The presumption is, after its date. The loss should have been settled by the 16th day of January, 1880; the suit was brought on the ninth day of the latter month, during the time the directors had to settle and adjust it. Had the company acted upon the claim and rejected the loss, repudiated the contract, we do not say but that the suit might have been brought at any time after such action by the company. *Farmers M. Ins. Co.* v. *Ensminger*, 12 *Ins. Law Journal*, 40; *Sheppard* v. *Peabody Ins. Co.*, *Ib.* 817; *Hale* v. *Jones*, 48 Vt, 227. But we do not construe the language of the exceptions as indicating that, but rather a neglect on his part to act in the matter.

If such was the fact we think the suit premature, in which event judgment should should be rendered in favor of the

defendant; but we may be in error in our view of the construction to be given the exceptions, and as the case must go back for a new trial upon other grounds, we leave the question of whether the company acted upon the loss and rejected it, within the three months or simply neglected to act upon the claim, to be disposed of anew.

Judgment reversed and cause remanded for a new trial.